BOOK *v.* POLK.

Opinion delivered December 17, 1906.

LEVEE DISTRICT—CONTRACT ULTRA VIRES—ESTOPPEL.—If a levee district, having power to sell lands for cash, has no power to sell partly for cash and partly for credit, it will be estopped, where it sold partly for cash and partly on credit and received the cash and notes for the purchase money, to deny the validity of the sale.

Cross appeals from Lee Chancery Court; *Edward D. Robertson*, Chancellor; affirmed.

*H. F. Roleson,* for appellant.

1. The president of the levee district is restricted in his disposition of the land to the terms and conditions of the grant. He was therefore unauthorized to sell the land on credit. Acts 1893, p. 172; 67 Ark. 413.

2. Receipt of taxes by the officers of the district does not amount to a ratification of the act of the president. Where an act is void, there can be no ratification. 58 Ark. 270; 40 L. R. A. 621; 37 L. R. A. 711; 10 Wall. 683. The public is presumed to deal with the officers of the levee board with a full understanding of their authortiy. 59 Ark. 513; 34 L. R. A. 262; 34 Am. Rep. 648.

*P. D. McCulloch,* for appellees.

1. The provision in the act requiring that the treasurer shall certify payment of the price to the president, who shall execute a deed, is directory merely, and not a condition precedent to a valid conveyance.

The opinion in 67 Ark. 413, either as originally written or as modified and corrected (56 S. W. 640), is not applicable. There is a difference between the power of the president to sell the timber from the land and the power to sell the land partly on a credit. In a deed the fixing of the time and manner of payment of the purchase price does not create a condition upon which the title passes. 111 Ga. 65; 55 L. R. A. 513; 71 Ala. 102.

2. Appellant will not be permitted to pursue inconsistent remedies. When he accepted the McVeigh & Bodkin notes, he voluntarily created the relation of debtor and creditor between them and himself; and he cannot be heard to say that the conveyance of the land which constituted the consideration for the notes was invalid. 15 Cyc. 257-8; 49 N. Y. 301; 121 N. Y. 161; 74 S. W. 596; 102 Wis. 436; 211 Ill. 597; 124 Ia. 332; 123 Wis. 116; 49 Mich. 53; 97 Wis. 446; 64 Ark. 213; 7 Enc. Pl .& Pr. 361, 363; 52 Ark. 467; 95 S. W. 808; 65 Ark. 380; 69 Ark. 271; 75 Ark. 50; 57 Ark. 632.

HILL, C. J. McVeigh and Bodkin purchased of the Board of Directors of the St. Francis Levee District a tract of land at its graded price, and paid one-fourth of the purchase price thereof

in cash, and executed promissory notes for the balance payable in one and two years, respectively, bearing interest from date until paid.

The president of the board executed a deed to said purchasers, reciting such purchase, payment and notes for balance, and in consideration of such payment and notes conveyed said land to them. Subsequently the board sold the same land at the same price to others, and this suit is a contest between parties claiming under said sales from the levee board, and turns on the validity of the deed to McVeigh and Bodkin.

The act creating the levee district (act of March 29, 1893) in the first section confers this power of sale on the board: "The said levee district may sell said lands for the minimum prices of $2.50, $1.50 and 50 cents per acre as to grade, or may issue the bonds of said levee district secured by a mortgage on said lands or any part thereof, and payable as the board of directors may determine, and the treasurer of the levee board of said district, upon receipt of payment for any part or parcel of said lands, shall certify the same to the president of said board, who shall execute a deed in the name of said corporation to the purchaser of said lands, the money arising from such sales or issuance of bonds to be applied solely to the construction and maintenance of the levee of said district."

It is argued that only a power to sell for cash is conferred, and that this deed shows on its face that it was partly for cash and partly on credit, and is therefore void. *Myers* v. *Hawkins,* 67 Ark. 413, is principally relied upon by appellant to sustain his position. The opinion in that case was modified, but inadvertently the original and not the modified opinion was published. See correct opinion 56 S. W. Rep. 640.* But there is nothing in said opinion, even as originally drawn, which sustains appellant. The point decided was that under the express terms of the act there was power to sell the land, but not the timber separate and apart from the land; and the action was to prevent the execution

---

* The paragraph on page 415, 67 Ark. (*Myers* v. *Hawkins*) beginning, "Moreover, it is clear," etc., and the following paragraph, were stricken out of the opinion after the Clerk certified to the Reporter the original opinion for publication. The remainder of the opinion was unchanged. The attention of the Reporter was never called to the modification until now.    (Reporter.)

of the contract by enjoining the cutting and removal of the timber. Here there is an undoubted power to sell and at the price sold, and the only departure from the statute alleged is in making deed before all the purchase price was paid.

A municipal or other corporation may be estopped to avail itself of *ultra vires* contracts where the contracts are executed and the contracts themselves are over a matter within the corporate power to contract. *Searcy* v. *Yarnell,* 47 Ark. 269; *Newport* v *Railway Co.,* 58 Ark. 270; *Frick* v. *Brinkley,* 61 Ark. 402; 1 Beach, Pub. Corp. § § 223, 227; 1 Dillon, Municipal Corp. § § 223, 227; 1 Dillon, Municipal Corp. § § 457, 458; *School District* v. *Goodwin, ante* p. 143.

The case of *Hitchcock* v. *Galveston,* 96 U. S. 341, is much in point. Payment for work under a contract was made in negotiable bonds, the issue of which, it was contended, was beyond the power of the corporation. The court said: "The promise to give bonds to the plaintiffs in payment of what they undertook to do was, therefore, at farthest, only *ultra vires;* and in such a case, though specific performance of an engagement to do a thing transgressive of its corporate powers may not be enforced, the corporation can be held liable on its contract. Having received benefits at the expense of the other contracting party, it can not object that it was not empowered to perform what it promised in return, in the mode in which it promised to perform." Here the district received the benefits of the sale in cash and notes. The purchaser was as effectually bound by his notes as by his cash, and, having received the benefit, it does not lie in the mouth of the district, or those claiming under it, to deny the validity of the mode of performance on its part.

Judgment affirmed.

Mr. Justice McCULLOCH disqualified and not participating.