## MOORE *v.* LONG PRAIRIE LEVEE DISTRICT.

### Opinion delivered April 3, 1922.

1. LEVEES—DELINQUENT TAXES—SUFFICIENCY OF COMPLAINT.—Long Prairie Levee District, under Acts 1921, p. 573, could sue for delinquent levee taxes, though the collector had not filed the delinquent list with the clerk of the chancery court, and though a copy thereof was not made a part of the complaint by the district as required by § 4.

2. PLEADING—GENERAL DEMURRER.—Under Crawford & Moses' Dig., § 1190, a general demurrer not specifying the ground of objection to a complaint must be regarded as objecting only that the complaint does not state facts sufficient to constitute a cause of action.

3. CONSTITUTIONAL LAW—LEVEE ASSESSMENTS—CONFISCATION.—In an action to recover delinquent levee taxes, an answer alleging that the combined effect of the separate assessments on the land for levee, road and drainage purposes was confiscatory was insufficient, since the assessments were levied in pursuance of statutes affording the landowner opportunity to complain of improper assessments.

Appeal from Lafayette Chancery Court; *J. Y. Stevens,* Chancellor; affirmed.

*Henry Moore, Jr.,* for appellant.

The demurrer should have been sustained. The plaintiff failed to comply with act 534 of Acts 1921.

The assessment of benefits was arbitrary, excessive and confiscatory. 83 Ark. 58; 81 Ark. 562; 100 Ark. 369; 98 Ark. 116; 141 Ark. 253; 147 Ark. 459; 147 Ark. 19.

*R. L. Searcy* and *R. L. Searcy, Jr.,* for appellee.

The demurrer should have been overruled. 32 Ark. 446; 53 Ark. 476; 43 Ark. 543; 126 Ark. 67.

The Legislature is the sole judge in the matter of creating improvement districts. 98 Ark. 543.

SMITH, J. This suit was brought to enforce the payment of certain delinquent levee taxes for the year 1920. A demurrer to the complaint filed for that purpose was overruled. Appellant, who was the defendant, declined to plead further, and a decree was entered ordering his lands sold, from which is this appeal.

It is first insisted that the demurrer should have been sustained because of the failure of the levee district to comply with the provisions of act No. 534, Acts 1921, p. 573. This is an act entitled, "An act to provide for the filing of a delinquent list of lands, town lots, railroads, and tramroads, in road and drainage districts, and for the collection of delinquent taxes thereon." By the provisions of section 1 the act is made to apply to levee and fencing districts, as well as to road and drainage districts. Section 1 of the act provides that, if the taxes are not paid on or before April 10th of the year in which they are due, the collector shall, on or before the second Monday in June, make out and file with the clerk of the chancery court a list of the property returned delinquent, which he is required to verify.

Section 4 of the act provides that when those authorized by law to file suit for the collection of delinquent taxes desire to commence suit, "they shall obtain a certified copy of said list from the said clerk, which shall be filed with the complaint and taken as a part thereof." A fee for the clerk is fixed for this service, which is to be taxed as costs. The insistence is that the complaint is demurrable because this list was not filed with the complaint and made a part thereof.

We do not agree with the counsel in this contention. Other sections of the act provide for a record of the lands so returned delinquent to be kept by the chancery clerk, and for their redemption from sale, and for a record to be made of the redemption when lands are redeemed. Any landowner may go to this record and ascertain if his lands were returned delinquent, and, if they are returned delinquent, may redeem them and have a record of this redemption then made.

Section 6 of the act under which the taxes were levied provides that, if the board should fail to bring suit within sixty days after the taxes become delinquent, the right is given to the holder of any bond issued by the levee district to bring suit for the collection of such delinquent assessments.

This suit was begun June 7, 1921. The clerk of the chancery court is not required to record this delinquent list before the 1st day of July, which is, of course, more than sixty days after the date (April 10th) on which the taxes are required to be paid; and it is not to be presumed that the Legislature intended to impair the remedy given to enforce the collection of the bonds issued pursuant to the authority of the act creating the levee district.

The appellant does not deny that his lands are delinquent. The demurrer filed by appellant is a general one, and, as it does not specify the grounds of objection to the complaint, it must be regarded as objecting only that the complaint does not state facts sufficient to constitute a cause of action. Sec. 1190, C. & M. Digest.

We do not think the filing of this delinquent list by the collector and the furnishing of a copy thereof by the clerk is made a condition precedent to the right to sue; and, as it is not denied that the allegations of the complaint are otherwise sufficient to state a cause of action, the demurrer to the complaint was properly overruled.

The real question in this case relates to the sufficiency of the allegations of the answer to constitute a defense, as a demurrer was sustained to the answer.

From the pleadings it is shown that appellee, Long Prairie Levee District, was created by act No. 106, passed at the session of 1905; and by act No. 339, of the Acts of 1917, additional powers were conferred upon the district. By virtue of the latter act the scheme of taxation was changed, and a bond issue of $500,000 was authorized to refund the outstanding bonds, and for raising and strengthening the levee.

The complaint alleges that, pursuant to these acts of 1905 and 1917, the levee district had issued bonds, and had built a levee, and the board of assessors of said district had assessed benefits against all lands within the district accruing by reason of the protection given

said lands against overflow from the waters of Red River, and appellant's lands, among other, were thus assessed.

The answer of appellant contains no denial of these allegations, but its recitals are, in substance, as follows: appellant's lands are so assessed that a benefit of $1.20 per year per acre is levied against his lands up to and including the year 1922, after which the assessment for levee purposes is increased to the sum of $1.60 per acre per year. That, pursuant to the Alexander road law, appellant's lands, with others lying within the levee district, were organized into a road district, and by a special act of the General Assembly passed in 1919 the burdens of the road district were increased. And at the special session of the General Assembly of 1920 an act was passed organizing a drainage district which included appellant's lands here sued on and other lands lying within the levee district. That these three districts have issued, for their respective purposes, bonds which are liens on appellant's lands and together amount to approximately $30 per acre on all of appellant's lands; and that the effect of this action has been to confiscate the lands by destroying their value. It was alleged that in 1913 the lands were worth $10 per acre, and that sum could have been obtained for them, whereas now appellant is unable to sell them at any price, as the total taxes for all three districts amount to $2.70 per acre per annum.

Appellant tendered with the answer a deed to his lands, leaving blank the name of the grantee, which he offered to supply by inserting the name of any one who would pay him $8 per acre for the lands.

It was alleged that the same persons had promoted all three of these districts, and the result of their action in so doing was to destroy the value of appellant's property, in violation of the Constitution of the State and the Fourteenth Amendment of the Constitution of the United States.

There is no allegation that the legislation creating this district is unconstitutional. That question was set-

tled by this court in the case of *Salmon* v. *Long Prairie Levee Dist.*, 100 Ark. 366, and *Moore* v. *Long Prairie Levee Dist.*, 98 Ark. 113.

The constitutionality of the legislation conferring additional powers, rights and duties, is not questioned; nor is it contended that there was a failure to comply with any provision of the statutes as to the time and manner of. making the assessments which this suit seeks to enforce.

We cannot review, in this proceeding, the assessments for road and drainage purposes. Our concern is only with those assessments which this suit seeks to enforce, and, as we have said, no showing is made that these assessments were not levied in conformity with a valid statute affording appellant the opportunity to complain if he thought his lands were being improperly assessed. He has heretofore had his day in court for the purpose of questioning his assessments for levee purposes, and as his answer sets up no defense to the suit to enforce the payment of these assessments, the demurrer to his answer was properly sustained.

Decree affirmed.