### BEASLEY *v.* HORNOR.

### Opinion delivered March 21, 1927.

1. HIGHWAYS—COLLECTION OF IMPROVEMENT TAXES.—Since Acts 1921, p. 573, relating to the collection of delinquent highway improvement taxes, does not outline the method of procedure to foreclose liens for the taxes, it did not impliedly repeal Acts 1921, p. 296, which provided that such taxes should be collected in the manner provided by Acts 1909, pp. 844-847, § 23, 24.

2. HIGHWAYS—FORECLOSURE OF TAX LIEN—COMPLAINT.—A complaint seeking the foreclosure of a tax lien in a road improvement district which alleged briefly the organization of the district and the nonpayment of the tax, with a description of the delinquent land and the amount due thereon, *held* sufficient, under § 24 of Act 279 of Acts of 1909.

3. HIGHWAYS—FORECLOSURE OF TAX LIEN.—Under Acts 1921, p. 573, a road improvement district could sue for delinquent road taxes,

though the collector had not filed the delinquent list, and though a copy thereof was not made a part of the complaint.

4. HIGHWAYS—REDEMPTION FROM TAX SALES.—The act of March 23, 1921, fixing the period of redemption from sales for delinquent road taxes, was not repealed by act of March 26, 1921, No. 534; there being no repugnancy between the two acts.

Appeal from Phillips Chancery Court; *A. L. Hutchins,* Chancellor; affirmed.

*J. G. Burke,* for appellant.

*Brewer & Cracraft,* for appellee.

HUMPHREYS, J. Appellant and appellee have made statements in their respective abstracts and briefs of the substance of the pleadings as well as the facts, much of which we will appropriate word for word, on account of the correctness and brevity contained therein, in making a complete statement of the case before us on appeal.

This is a suit involving the title to lot 13, block 74, in the city of West Helena, Phillips County, Arkansas. Appellee, Fannie M. Hornor, claims the title to said property by virtue of a deed from the commissioner in chancery, dated and approved March 24, 1925, which deed was issued by the commissioner in compliance with a decree entered in a cause pending in the chancery court under the style of *Road Improvement Dist. No. 2 of Phillips County, Arkansas,* v. *Delinquent Lands.* The decree was based upon the following complaint, omitting caption and other formal parts:

"Comes the plaintiff, Road Improvement District No. 2 of Phillips County, Arkansas, by its attorney, Skipwith Adams, and for its cause of action herein states: That Road Improvement District No. 2 of Phillips County, Arkansas, was duly created and organized by the county court of Phillips County, on the ............ day of ................, 1918, under and by virtue of an act of the General Assembly of the State of Arkansas, approved March 30, 1915, which said act, among other things, authorized an assessment of benefits on all of the real property and railroads situated within the boundaries of said district for the purpose of improving and constructing a desig-

nated road within said district. That, pursuant to the provisions of said act, the commissioners of said district caused an assessment of benefits to be made, which would accrue to the various tracts and parcels of land and railroads situated within said district, and caused said book of assessments to be filed in the office of the county clerk of Phillips County, Arkansas, and afterwards delivered to the sheriff and collector of said county, for the purpose of collecting the taxes due on each tract of land within said district for the years 1920 and 1921. That the sheriff and collector of Phillips County, pursuant to act No. 534 of the General Assembly of the State of Arkansas for the year 1921, duly certified to the clerk of the chancery court of said county a list of the lands so delinquent for the said taxes for the years 1920 and 1921, showing the amount of taxes due and penalty due on each tract or parcel therefor. That the clerk of the chancery court of said county, as is provided by said act No. 534, certified to the commissioners of said improvement district No. 2 a list of delinquent lands so certified to him by the sheriff and collectors of said county and remaining unredeemed, which said certified lists of delinquent lands are filed herewith; the list showing the said lands delinquent for the taxes for the year 1920 being marked Exhibit A, and the list showing the lands delinquent for the taxes for the year 1921 being marked Exhibit B, and made a part of this complaint, said lists showing the amount of taxes and penalty of each tract and parcel of land and railroad, agreeable to law."

The appellant is the owner of the record title to said lands, having acquired title by and through one Jim Simms, who was the owner of said property at the time of the institution of said suit by the Road Improvement District No. 2 to foreclose its tax lien thereon. Prior to the filing of the suit for delinquent taxes, Jim Simms had mortgaged said property to the appellant, which mortgage was afterwards foreclosed by proceedings in chancery, and, at the commissioner's sale in the foreclosure

proceedings, the appellant became the purchaser thereof, and was the legal owner of the record title at the time of the execution of the deed to appellee. On the 11th day of November, 1925, appellee, Fannie M. Hornor, filed a petition in the Phillips Chancery Court, praying the court that a writ of assistance be issued against the appellant and his tenants to place her in possession of the property in controversy. The appellant filed his response to the petition of the appellee, and also asked that he be made a party to the proceedings, for the purpose of redeeming the lot from the said alleged tax sale, and tendered into court the necessary amount to perfect the redemption. The response filed by appellant alleges that the proceedings brought by Road Improvement District No. 2 to foreclose its lien for the nonpayment of taxes for the year 1920 were void in that the said road improvement district elected to prosecute its suit under the terms and provisions of act 534 of the Acts of the General Assembly at its session for the year 1921. That the requirements of act 534 were mandatory in order to give the chancery court jurisdiction.

The appellant, in his pleadings, also prayed that he be permitted to redeem from said alleged tax sale, for the reason that the deed from the commissioner to Fannie M. Hornor was prematurely executed and confirmed by the court, for the reason that he, as the owner of said lands, had five years from the date of sale within which to redeem said property. The appellee moved to dismiss the response filed by the appellant, for the reason that it was predicated on a right to collaterally attack the decree upon which the sale was predicated and the commissioner's deed subsequently issued. The appellee further moved to dismiss the intervention to redeem the lot because of the fact that the two-year statute of redemption applied, instead of five years, and that the two years had passed. The motion to dismiss was overruled, to which action the appellee duly excepted, and, upon a hearing of the causes, she presented the complete record in the foreclosure proceedings, consisting of the original com-

plaint, heretofore set out, with the delinquent list attached, the notice of the pendency of the cause, proof of publication, decree ordering sale of the lands, notice of sale, proof of publication of same, report of sale, order of confirmation of sale, and the commissioner's deed to said appellee. Appellant introduced in evidence the list of delinquent lands for the year 1920, as certified to by the sheriff, and the certificate of the chancery court showing the recording of same, which revealed that the list of delinquent lands was not filed by the collector within the time and manner required by § 1 of said act 534. Act 338 of March 30, 1915, under which said district was created and organized, appears as § 5399, Crawford & Moses' Digest, *et seq.* Section 5540 of Crawford & Moses' Digest, which is a part of act 338, provides the time for redemption as one year from the date of sale. Said act 338, under which Road Improvement District No. 2 was organized, specifically repealed all acts in conflict with it. Sections 5642 to 5644 of Crawford & Moses' Digest, which were a part of act 43 of the General Assembly of 1915, approved February 9, 1915, enacted nearly two months before the passage and approval of said act 338, provides the time for redemption as five years from the date of sale.

Appellant's first contention for a reversal of the decree is that the proceedings brought by Road Improvement District No. 2 to foreclose its tax lien were irregular and void, because the collector failed, on or before the second Monday in June of 1920, to make out and file with the clerk of the chancery court a list of the delinquent lands, including the lot in question, and that the list so filed was not supported by the collector's affidavit, and that the said list was not recorded by the chancery clerk in a book kept for that purpose, on or before the first day of July following. The contention is based upon the theory that act 534 of the Acts of 1921 repeals by implication all prior acts with reference to foreclosing liens for delinquent taxes in road improvement districts, and that a failure to comply with said act in any partic-

ular renders the sale void. The act does not outline the method of procedure to foreclose liens for taxes, hence it did not repeal act No. 223 of the Acts of the General Assembly of 1921, which made provision for the foreclosure and collection of delinquent taxes in road improvement districts in the manner provided by § § 23 and 24 of act 279 of the Acts of 1909. Section 24 of said Act 279 reads as follows:

"In such suits it shall be sufficient to allege generally and briefly the organization of the district and the nonpayment of the taxes, setting forth a description of the lands proceeded against and the amount chargeable to each tract, with prayer for foreclosure."

By reference to the complaint of Road Improvement District No. 2, copied at length herein, it will be seen that it is broad enough to meet the requirements of the statute. The fact that it alleges a compliance with said act 534 and that the allegations were not sustained by the proof, does not render the sale void, unless the requirements were jurisdictional. The requirements of said act were before this court in the case of *Moore* v. *Long Prairie Levee District,* 153 Ark. 85, 239 S. W. 380, and it was alleged that the filing of the delinquent list by the collector and the furnishing thereof to the clerk to be attached to the complaint was not a condition precedent to the right to sue. The court had jurisdiction of the subject-matter and parties, under act 223 of the Acts of 1921, so that failure to comply with said provision under act 534 of the Acts of 1921, not being jurisdictional, could not have the effect of defeating the foreclosure judgment for delinquent taxes on collateral attack; such irregularities could only be corrected, if necessary to correct them at all, under a direct attack. *McCarter* v. *Neil,* 50 Ark. 188, 6 S. W. 731; *Collier* v. *Smith,* 132 Ark. 309, 200 S. W. 1098.

Appellant's second and last contention for a reversal of the decree is that the court erred in ruling that the two-year statute of limitations applied, and denying his offer to redeem the lot. The sale occurred on the 17th day of

February, 1923, and the petition to redeem was not filed until November 23, 1925, more than two years after the date of the sale. Appellant concedes that, unless act 223 of the Acts of 1921 was repealed by act 534, passed at the same session, the right to redeem only existed for two years from the date of the sale. As stated before, no period of redemption was provided in the latter act, hence there is no repugnancy between it and act 223. We think upon this point the instant case is ruled by the case of *Northern Improvement District* v. *Meyerman,* 169 Ark. 383, 275 S. W. 762.

No error appearing, the decree is affirmed.