MEEHAN *v.* ROAD IMPROVEMENT DISTRICT NO. 7 OF WOODRUFF COUNTY.

Opinion delivered December 9, 1929.

*Roy D. Campbell,* for appellant.

*Ross Mathis,* for appellee.

HUMPHREYS, J. On the 15th day of January, 1926, appellee instituted suit in the chancery court of Woodruff County, Southern District, to enforce a lien for delinquent taxes for the years 1921 to 1925, inclusive, against certain lands in Road Improvement District No. 7, describing the lands owned by the estate of Charles Meehan, deceased.

Appellant, John R. Meehan, executor of said estate, filed an intervention, controverting the right of appellee to enforce a lien against said lands for the alleged reasons: That the taxes for the year 1921 on the land of the estate were barred; that suit for the taxes of 1925 was prematurely brought; that the required statutory notice was not given of the filing of the original assessment of benefits in 1920; that the required statutory notice was not given of the new assessment of benefits made in 1921; that the county court failed to make an order levying an annual tax upon said lands under the new assessment of benefits made in 1921; and that the reduction and extension of taxes against said lands after the reassessment of benefits in 1921 were not made by the commissioners of the district, but upon the letter of the attorney, an acting secretary thereof.

Appellee filed an answer to the intervention of appellant, denying the several allegations therein.

The cause was submitted to the court upon the pleadings and testimony, which resulted in a lien being declared upon the lands for the taxes of the various years as follows: "1921, $1,331.66; 1922 and 1923, the sum of $1,174.16 for each year; 1924 the sum of $1,038.39, and 1925 in the sum of $992.92."

Appellant contends for a reversal of the decree upon the several grounds set out in his intervention, attacking the validity of the taxes and appellee's right to enforce a lien against said lands for the collection thereof. We will review and determine the alleged grounds in the order mentioned above.

1. We agree with appellant that the action for the taxes of 1921 was barred by § 4 of act No. 534 of the General Acts of 1921. The section referred to is in part as follows: "No suit for the collection of such delinquent taxes shall be brought after three years from date same became delinquent."

This court ruled in the case of *Western Clay Drainage District* v. *Wynn,* 179 Ark. 988, 18 S. W. (2d) 1035, that the act quoted barred the collection of special improvement district taxes after the expiration of three years in a district which had been created by special act. The trial court erred in adjudging a lien against the lands for the taxes of 1921.

2. Appellant is in error in the contention that the action was prematurely brought for the enforcement of taxes of 1925. Act No. 194 of 1920, creating the district, provided for the collection in each year of a certain percentage of the assessed benefits. The necessary implication is that the taxes levied for each year became due and payable in that year. The taxes levied for the year 1925 were payable between the first Monday in January, 1925, and the 10th day of April, 1925. The taxes for 1925 were delinquent therefore when the action was commenced on January 15, 1926.

3. Appellant is also in error in the contention that the required statutory notice was not given of the filing of the original assessment of benefits in 1920. This contention is based upon the erroneous assumption that notice to the landowners was issued on June 15, 1920, when, as a matter of fact, that was the date provided in the notice when the complaint of landowners against the assessment should be heard. Act No. 194 of 1920, creating the district, required two weeks' notice by publication to landowners wishing to be heard on the assessment. The notice stated that the assessment of benefits had been filed in the office of the county clerk of Woodruff County, at Cotton Plant, Arkansas, and that the commissioners of the district would meet in the county

court room in Cotton Plant, Arkansas, to hear all persons wishing to be heard on the assessment, on the 15th day of June, 1920. The proof of publication of the notice shows that it was published on May 27 and again on June 3, 1920, so the fact is that the assessment was filed on or before May 27, 1920, for more than two weeks before the commissioners met to hear complaints of landowners against the assessment.

4. Appellant is also in error in the contention that the required statutory notice was not given of the new assessment of benefits made in 1921. This contention is based upon the erroneous assumption that the assessment was filed on November 5, 1921, whereas that was the time specified in the notice for a meeting of the assessors to hear any complaint of landowners against the assessment. When the notice and proof of publication are read together, it is apparent that the notice was filed on or before October 21, 1921, and was published for two consecutive weeks in accordance with act No. 454 of 1921, providing for the assessment.

5. Appellant is also in error in the contention that it was necessary for the county court to make an order levying an annual tax upon said lands under the new assessment of 1921. There is nothing in act No. 454 of 1921, providing for the reassessment, requiring the county court to make another levying order, and act No. 194 of 1920, creating the district, only provided for one order levying the taxes. The rate fixed in the levying order became a judgment which could not be changed except to raise it, if necessary, to pay the bondholders. According to the amended record, the county court was properly in session on September 8, 1920, when the levying order was made.

6. Appellant is also in error in the contention that it was necessary for the commissioners themselves to notify the clerk of the reduction of the taxes against said lands after the reassessment of benefits in 1921. The reduction is authorized by act No. 5 of the extraordinary

610

session of 1923, commonly known as the Harrelson Act, and that act provided that the commissioners should take appropriate action to reduce the taxes. It did not provide that the commissioners should notify the county clerk themselves of their action. We think it was perfectly proper for the attorney of the district to give this notice to the county clerk, which he did by letter on the 20th of December, 1923, as acting secretary of the commissioners. The reduction of the taxes was for the benefit of appellant and other landowners in the district, and they cannot be heard to complain. The act did not provide for a further levying order by the county court.

On account of the error indicated, the judgment will be modified to the extent of eliminating the amount of taxes adjudged against the land for 1921, affirmed in other particulars, and, as modified, remanded to the trial court for further proceedings not inconsistent with this opinion.