MILLER, RECEIVER *v.* COLEMAN.

4-4424

Opinion delivered July 6, 1936.

*Ohmer C. Burnside, House, Moses & Holmes* and *H. B. Solmson, Jr.,* for appellant.

*Carneal Warfield, Lee Baker* and *J. R. Yerger,* for appellees.

SMITH, J. The Southeast Arkansas Levee District was created and organized by act 83 of the 1917 General Assembly of the State of Arkansas (vol. 1, Acts 1917, page 367). The act recites the purpose of the improvement district to be the protection of the lands of the district from the overflow of certain rivers. It ascertained the betterments to be derived from the proposed improvement, and levied taxes to pay the cost thereof. The amount of these betterments were made liens upon the lands of the district to the extent of the respective assessments.

The act makes provision for the collection of the betterment assessments, and provides that if the assessments are not paid within the time limited for that purpose the delinquent lands shall be sold by the collector, and, in the absence of other bids, the lands shall be sold to the improvement district for the amount of the taxes, penalty and costs due thereon. Upon the failure of the delinquent owners to redeem, it is provided that the county clerk shall execute a deed to the levee district, "and such deed shall, in all respects, have the same force and effect that a tax deed to a private individual has." It is further provided that these sales for delinquent taxes and deeds made pursuant thereto may be confirmed by the chancery court "in accordance with the practice and proceedings of chancery courts in this State."

Later acts of the General Assembly amended this original act by increasing the assessments and enlarging the area of the district, but no change was made in the manner of enforcing the payment of delinquent taxes.

This suit was brought to enforce the payment and collection of the delinquent taxes for the years 1932, 1933 and 1934. The suit was brought to enforce the lien created by the acts above referred to in the chancery court of the county in which the delinquent lands are situated. Authority for this suit is said to have been conferred by the provisions of act 534 of the Acts of 1921 (General Acts 1921, page 573). It is insisted that the effect of this act is to change the procedure of the special acts above referred to relating to this district in the manner of enforcing the lien of the district for delinquent taxes. It is conceded that this result has not been accomplished unless the effect of act 534 of the Acts of 1921 is to repeal the provisions of the other acts relating to that subject.

A demurrer to the complaint praying foreclosure through a decree of the chancery court was sustained, upon the ground that the provisions of the prior special acts providing the manner of enforcing the payment of delinquent taxes had not been repealed. The correctness of that ruling is the question presented on this appeal.

In the brief of appellant it is said: ''The question confronting the court is whether or not act 534 repealed, by implication, the procedure set up in act 83 with reference to the manner of enforcing the collection of the delinquent taxes due the district.''

This act 534 has been considered in several cases to which reference will later be made, and we think the effect of these cases is to hold that act 534 amended act 83 in certain particulars, but did not repeal it, and that no amendment was made in the manner provided in act 83 for the collection of delinquent taxes.

This act 534 applies to the levee and other improvement districts there named, whose taxes are due and payable on or before the 10th day of April, and its provisions—whatever they may be—were held applicable to all such districts, whether organized pursuant to general statutes or created by special acts of the General Assembly. It was so held in the case of *Western Clay Drainage District* v. *Wynn,* 179 Ark. 988, 18 S. W. (2d) 1035. Section 4 of act 534 provides that ''No suit for the collection of such delinquent taxes shall be brought after three years from date same became delinquent,'' and it was held in the case just cited that ''There appears to be as much reason for the enactment of a statute of repose in a district created by a special act of the General Assembly as in one organized under the general law, and we find nothing in act 534 which limits its operation to districts of a particular character.'' That case was one to foreclose the lien for delinquent drainage assessments in a district created by a special act, and the opinion contains no intimation that act 534 had changed the procedure under which that relief would be granted. On the contrary, we there said: ''Section 4 of act 534 does not in any manner affect the right to sue to enforce payment of delinquent taxes, nor does it change the procedure provided by any act, general or special, by which that right is made effectual. It only imposes a limitation as to the time within which the right must be exercised after it has accrued, and this time is three years.''

The earlier case of *Beasley* v. *Hornor,* 173 Ark. 295, 292 S. W. 130, had pointed out that this act 534 of the

Acts of 1921 had not defined the method of procedure to foreclose liens for taxes, and had not, for that reason, impliedly repealed the provision of the special act there under consideration which had created a road improvement district. That special act made provision for the foreclosure and collection of delinquent taxes in the road improvement district in the manner provided by act 279 of the Acts of 1909, and it was held that these provisions of the act of 1909 remained effective notwithstanding the subsequent enactment of act 534.

It was said in the case of *Beasley* v. *Hornor, supra,* that "The fact that it alleges a compliance with said act 534 and that the allegations were not sustained by the proof, does not render the sale void, unless the requirements were jurisdictional. The requirements of said act were before this court in the case of *Moore* v. *Long Prairie Levee District,* 153 Ark. 85, 239 S. W. 380, and it was alleged that the filing of the delinquent list by the collector and the furnishing thereof to the clerk to be attached to the complaint was not a condition precedent to the right to sue. The court had jurisdiction of the subject-matter and parties, under act 223 of the Acts of 1921, so that failure to comply with said provision under act 534 of the Acts of 1921, not being jurisdictional, could not have the effect of defeating the foreclosure judgment for delinquent taxes on collateral attack; such irregularities could only be corrected, if necessary to correct them at all, under a direct attack. (Citing cases.)"

Act 223 of the Acts of 1921 is entitled "An act to facilitate the collection of the taxes of road improvement districts," and it was approved March 2, 1921, and provided that "Such proceedings shall be conducted in the manner provided by * * * act 279 of the year 1909." Act 534 was approved later, to-wit, March 26, 1921. Yet, it was expressly held, in the Beasley case, *supra,* that this latter act did not affect the foreclosure proceedings to which the former act applied.

This reference to and review of the still earlier case of *Moore* v. *Long Prairie Levee District,* 153 Ark. 85, 239 S. W. 380, appears to answer the insistence that the

case last cited holds that act 534 is a repealing act which provides a method of foreclosure superseding that provided in the various acts to which some of the provisions of act 534 apply.

Appellant cites also the case of *Arkansas-Louisiana Highway Improvement District* v. *Parrish*, 169 Ark. 549, 275 S. W. 898, as supporting the contention made in regard to the implied repeal effected by act 534. But such is not the effect of that case. Section 3 of act 534 (which has been amended by act 227 of the Acts of 1931, page 707) was designed to facilitate redemptions of delinquent lands and to preserve the evidence thereof.

The point decided in the Beasley case, *supra*, was that § 3 of act 534 had not been impliedly repealed by § 3 of the act 261 of the Acts of 1925, page 781, as the latter act was too vague and indefinite to constitute a workable law for the redemption of delinquent lands in road improvement districts.

The case of *Meehan* v. *Road Imp. Dist. No. 7 of Woodruff County*, 180 Ark. 606, 22 S. W. (2d) 904, also cited in the briefs, applied the three-year limitation on suits to foreclose contained in § 4 of act 534 to a suit by a road improvement district created by a special act of the 1920 session of the General Assembly; but that case contains no intimation that the procedure for the collection of the delinquent road taxes there involved had been changed by act 534.

We, therefore, answer the question which appellant says this appeal presents, as did the court below, by holding that act 534 has not impliedly repealed the provisions of the special act of 1917 and the acts amendatory thereof providing the manner of enforcing the payment of the delinquent taxes due the levee district. It must therefore collect its taxes in the manner provided by the acts creating it.

The decree so holding is correct, and it is, therefore, affirmed.