The Honorable John F. Gibson, Jr. Prosecuting Attorney P.O. Box 573 Monticello, AR 71655
Dear Mr. Gibson:
This is in response to Chief Deputy Prosecuting Attorney G.B. "Bing" Colvin's request for an opinion concerning delinquent improvement district taxes. His first question pertains to A.C.A.14-117-423 and 14-121-426, which impose penalties of 10% and 25%, respectively. He has asked which amount of penalty is correct, and whether they are placed on the taxes or handled by the various Boards.
A question has also arisen with regard to the collection of a $1.00 "Clerk's fee" by the county collector. Mr. Colvin notes that this fee has historically been charged, along with the taxes, and he has inquired as to the statutory basis for this charge.
With regard to the general question of what penalty may be added to delinquent taxes assessed for watershed or drainage districts, or other, please note that I have enclosed a copy of Opinion Number 90-187. As noted in that Opinion, the particular statutory authority for the tax in question must be considered. See Op. 90-187, at 3.
With regard, specifically, to A.C.A. 14-117-423 and 14-121-426, these provisions may be reconciled by noting that they apply to the particular districts organized pursuant thereto. Section14-117-423 is part of the codification of Act 320 of 1949 (the Arkansas Irrigation, Drainage, and Watershed Improvement District Act of 1949). See A.C.A. 14-117-101 et seq. The 10% penalty imposed under 14-117-423 applies with respect to "taxes levied in pursuance of this chapter". A.C.A. 14-117-423(a). Thus, these taxes are levied in connection with improvement districts formed under A.C.A. 14-117-101 et seq. (See) A.C.A. 14-117-201 for the purposes for which districts may be organized under that chapter.)
Section 14-121-426 is part of the codification of Act 279 of 1909. (See "History" under 14-121-426 for the codification of Act 279 of 1909.) The 25% penalty applies in the case of taxes levied under the terms of that act. The act applies to ". . . the organization of districts, the main object of which is the construction of levees." A.C.A. 14-121-102. See also A.C.A.14-120-112 (any levee district embracing lands within one (1) county, whether created by special or general act, and any drainage district created by special act, may become a district duly organized and existing under Act 279 of 1909).
It should also be noted that, in accordance with A.C.A.14-86-1002, the board of improvement of "any levee, drainage, street improvement, and other districts, however created", may remit penalties in excess of 10%. Any action taken by the particular board of improvement in this regard must therefore be considered.
As to the extension of these penalties, the 10% penalty under14-117-423 is added to the amount of the tax by the collector. A.C.A. 14-117-423(a). The board then enforces collection through chancery proceedings in accordance with 14-117-424 to -426. A.C.A. 14-117-423(b). See also A.C.A. 14-86-1401 to -1405 (notice to sell land for nonpayment of improvement district assessment). Section 14-121-426(b) states that the 25% penalty is added to the tax by the board of commissioners, following the collector's reporting of delinquents to the board. It must be noted, however, that under A.C.A. 14-86-1104(b)(1), the collector adds the penalty to the tax. This provision, as the later enactment (Act 534 of 1921), probably applies to require the collector to add the 25% penalty to the tax. But see A.C.A. 14-86-1102 (counties excepted from the operation of 14-86-1104). See also A.C.A. 14-86-1206
(county collector to add penalty in counties with a population in excess of 75,000. A.C.A. 14-86-1202.)
With regard to the $1.00 "Clerk's fee", A.C.A. 14-86-1105 states that the collector is entitled to the sum of $1.00 per tract as a "redemption fee". A.C.A. 14-86-1105(d). This fee is paid when delinquent lands are redeemed through the county tax collector. See generally Swearingen v. State Use of Benton County, 160 Ark. 326,254 S.W. 537 (1923).
It must be recognized, however, that in accordance with A.C.A.14-86-1207, the collector in counties with a population in excess of 75,000 is entitled to the sum of 50 per tract for his services in filing the delinquent list, extending the tax, penalty, and cost thereon, and issuing certificates of redemption. A.C.A.14-86-1207(d). This amount is charged as costs against the district. ID. And it appears that with regard to delinquent improvement district property in counties of over 150,000, the collector's cost for redemption is "a fee equal to ten percent (10%) of the combined tax and penalty on each call or twenty-five cents (25¢) per call, whichever is greater." A.C.A. 14-86-1303. See Keith v. Barrow-Hicks Ext. Imp. Dist. 85, 275 Ark. 28,626 S.W.2d 951 (1982) (delinquency fee to be paid by delinquent landowner).
The fee may, therefore, vary depending upon the particular county in which the delinquent lands are located.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
RON FIELDS Attorney General
RF:arb
cc: G.B. "Bing" Colvin, III Chief Deputy Prosecuting Attorney