STREET IMPROVEMENT DISTRICT No. 74 *v.* GOSLEE.

Opinion delivered March 30, 1931.

*Murphy & Wood,* for appellant.

*George P. Whittington* and *Arthur S. Cobb,* for appellee.

BUTLER, J. Street Improvement District No. 74 of Hot Springs, Arkansas is a municipal improvement district organized under the provisions of § 5647 *et seq.* of Crawford & Moses' Digest, for the purpose of paving

Hobson Avenue in the city of Hot Springs for its length and further on along other streets to the west boundary of the city. The district extended a full block on each side of Hobson Avenue for most of its distance, and the back side of the blocks on each side of Hobson Avenue faced on streets which were not to be paved. These unpaved streets are South Avenue, one block south of Hobson Avenue and Rector Avenue, one block north of Hobson Avenue, and facing on unpaved streets are the lots of appellee.

The fact that a part of the property in the district including that of the appellee did not abut on the paved street made a distinction between the assessment of benefits of the property facing the street to be paved and the property facing the streets one block away from the pavement. In making the original assessment of benefits the property abutting on the pavement was assessed at about twice as much as the benefits assessed on the property facing the back streets, a part of which belonged to the appellees. The original assessment of benefits was made in 1924 which assessment was revised in 1925 and again in 1928. In neither of those years was any attempt made by the assessors to change the assessment against any piece of property unless its physical condition had been changed and its value thereby increased or diminished, but from the revision by the assessors in 1928, which made no change in the benefits assessed against the property of the appellees, the city council on appeal overruled the action of the assessors and reduced the assessed benefits on appellees' lots to $100 for each lot, whereas the lowest assessment originally made was $280 and the highest $560.

This litigation grows out of the 1928 revision as ordered by the city council. There had been no change in the physical condition of appellee's lots since the time of the original assessment, the council apparently basing its finding on the testimony that the original benefit was not fifty per cent. of that of the property abutting on the paved avenue as found and returned by the asses-

sors in their original assessment, but the proportional benefits were much less, or that the benefits received were about one-fourth of that on the property facing the paved avenue.

Appellee finds authority for the act of the council in § 5664 of Crawford & Moses' Digest, which provides: "The commissioners of any such improvement district may require the assessors thereof to revise their assessment not oftener than once per annum, increasing or diminishing the assessment against particular pieces of property as justice may require." (Provision is made for notice of the reassessment and for appeals from the same to the city council). This section must be considered with other legislation on the subject and the general policy of improvement district laws, and, when so considered, we think the intent was that the assessments might not be increased or diminished except for some physical change in the condition of the property since the original assessment which would increase or diminish their value, or where there was a mistake in the assessment originally made which was demonstrably erroneous.

Section 5661 provides for the remedy for erroneous or inequitable assessments made by the board of assessors at the time of the formation of a district and the assessment of benefits, and we have held in repeated decisions that, unless the appeal provided for in that section was prosecuted within apt time, the assessment of benefits became conclusive except for some demonstrable error. This, of necessity, limits the powers of the assessors to make revision of the assessment for the purposes and reasons heretofore stated. It is the policy of the law that the assessment of benefits against each piece of property becomes fixed as of the time of the original assessment, so that the assessment may not be changed, for, as suggested by the appellant, great instability in property values might result with consequent loss in market value and be a hindrance to ready sales.

542

This conclusion makes it unnecessary to consider the other questions presented. The decree of the trial court is therefore reversed, and the cause remanded for such other proceedings according to law as may be necessary to carry into effect the revision and assessment as made by the board of assessors.

MEHAFFY, J., dissents.