PAVING DISTRICT No. 2 OF HARRISON *v.* JOHNSON.

4-2890

Opinion delivered February 27, 1933.

*Woods & Jones,* for appellant.

*Cotton & Murray,* for appellee.

McHANEY, J. Appellant district was organized in 1925. The properties of appellees were located in the dis-

trict. The board of assessors assessed benefits against their respective properties as follows: Johnson, $2,430; Greenhaw, $1,215, and Shaffer at $2,265. In 1929, acting pursuant of an order of the board of commissioners, the board of assessors reassessed the benefits against the real property of the district, notice of which was duly published and said readjusted assessment approved by the city council. In such readjusted assessment the property of appellees was assessed as follows: Johnson, $4,430; Greenhaw, $1,500, and Shaffer, $2,365. No action was taken by appellees regarding the increased assessment of benefits against their properties. Again, in April, 1931, pursuant to another order of the board of commissioners, the board of assessors again readjusted the assessment of benefits against the real property in the district, but no change was made at this time in the assessment of the benefits on the properties of appellees. Each of the appellees took an appeal to the city council, in which they objected to the readjusted assessment of benefits against their respective properties, and prayed that such assessment be restored to the amount at which the properties had been originally assessed in 1925. The city council granted the prayer of appellees and restored such assessments of benefits against their respective properties to the amounts herein first above stated.

Thereupon, appellant filed this action against appellees in the chancery court, praying that the action of the city council, in reducing their assessments of benefits, be vacated, and that the readjusted assessment against their respective properties as made in 1929 and as approved in 1931 be reinstated against their respective properties, and have judgment for the taxes due on the readjusted basis. The court held that the city council was without authority to reduce said assessment of benefits, and that its action in attempting to do so is void and should be vacated. The court found, however, that no material improvements had been made on the respective properties of appellees subsequent to the original assessment of benefits, and that the action of the board of assessors in

attempting to increase said assessments was void, and entered a decree restoring the assessment of benefits against their respective properties to the amount of the original assessments made in 1925. Appellant's complaint against each of the appellees was dismissed for want of equity.

We think the trial court correctly held that the board of assessors was without authority to reassess the benefits against the properties of appellees, except there had been some material physical change in the condition of the property since the original assessment which would increase or diminish their value. Section 5664 of Crawford & Moses' Digest, authorizing a reassessment of benefits, was construed by this court in *Street Improvement District No. 74* v. *Goslee,* 183 Ark. 539, 36 S. W. (2d) 960, in which it was specifically so held, and we are of the opinion that this case is ruled by that.

No material physical change in the property since the original assessment was made. No improvements of such a nature as to increase the value of the property have been made, nor have any improvements been destroyed so as to decrease the value.

It is true that this is a collateral attack on the action of the board of assessors, but, since the board was without power to make the readjusted assessment in this instance, its action is wholly void and open to collateral attack.

We find no error, and the decree is accordingly affirmed.