SPECIAL SCHOOL DISTRICT OF TEXARKANA *v.* BOARD OF
IMPROVEMENT OF PAVING IMPROVEMENT DIS-
TRICT No. 13 OF TEXARKANA.

Opinion delivered February 5, 1917.

1.  STATUTES—PROSPECTIVE CONSTRUCTION.—All statutes are to be con-
strued as having a prospective operation only, unless the purpose and
intention of the Legislature to give them a retrospective effect is ex-
pressly declared or is necessarily implied from the language used.

2.  LOCAL IMPROVEMENT—ASSESSMENT OF BENEFITS—ACT 125, ACTS
1913, § 7, NOT RETROACTIVE—PROPERTY OF PUBLIC SCHOOL DISTRICT.
—Section 7, Act 125, page 527, Acts 1913, providing that the prop-
erty of public school districts shall be subject to assessment for local
improvements beneficial thereto, is not retroactive, and contains no
authority for the levy of assessments on school property by a local
improvement district formed prior to the enactment of the said
statute.

Appeal from Miller Chancery Court; *James D.
Shaver*, Chancellor; reversed.

*Webber & Webber*, for appellant.

1.   The Act of 1913, § 7, Acts 1913, p. 531, is not
only unconstitutional, but is retroactive in effect and
therefore void. It was the intention of the Legislature
to enact a law to operate only *in futuro.* Retroactive
laws affecting rights vested, creating new obligations,
duties, disabilities, etc., are invalid. 116 Ark. 472;
117 *Id.* 606; 173 S. W. 846; 174 *Id.* 248; 36 U. S. 185;
114 *Id.* 511; 2 Aiken (Vt.) 284; 16 Am. Dec. 715.

*Frank S. Quinn*, for appellee.

1. . The language of the Act is sufficient to cover
districts in existence at the time as well as those formed
afterward. The benefit is present, not past. The Act
is a valid exercise of the sovereign power of taxation.
89 Ark. 598; 77 *Id.* 383; 85 *Id.* 228.

2. The Act is not unconstitutional. 2 Cooley
Taxation (3 Ed.) 1234; Hamilton on Special Assess-
ments, § 313; McQuillin on Mun. Corp., §§ 2063-5;
1 Page & Jones Taxation by Special Assessments, pp.
955-6, §§ 580, 586; 2 *Id.* § 1073; 97 Ark. 334; 106 *Id.*
39; 56 Ark. 354, 358, 363; 65 *Id.* 343.

3.   The Act is amendatory and as to the effect to be given it, see 89 Ark. 598; 55 *Id.* 389; 73 *Id.* 600; 91 *Id.* 243; 100 *Id.* 175; 109 *Id.* 556.

4.   School property is not State property.   62 Ark. 481, 488.

*Marshall & Coffman, Amici Curiae.*

Contend that the Act is unconstitutional and void citing many authorities.  As the court does not decide this, it is superfluous to cite the points and authorities.

McCulloch, C. J.   The school buildings and grounds of Special School District of Texarkana are situated within the bounds of an improvement district organized in the year 1911 in that city for the purpose of paving streets, and an effort is now being made to enforce the assessments against the school property to pay for said improvement.   The chancery court granted the prayer of the complaint filed by the Board of Improvement and rendered a decree adjudging a lien on the school property for the amount of the assessments and directing a sale of the property upon default in payment of the amount adjudged.   The right to levy assessments against school property is asserted under section 7 of an Act of the General Assembly of 1913 (p. 527), entitled "An Act to Amend the Statutes in Reference to Improvement Districts in Cities and Towns."   The section reads as follows:

"The property of public school districts shall  be subject to assessment for local improvements beneficial thereto.   The president or secretary of said district may sign a petition for making of such improvements when authorized by the Board of Directors."

In addition to the briefs of  counsel interested in this particular controversy we are favored with briefs of attorneys acting as friends of the court, presenting very ably the question of the constitutionality of a statute imposing upon public school property the burden of assessments to pay local improvements. But in our view of the matter the decision of that question is not necessary to the disposition of the

present controversy, for we reach the conclusion that learned counsel for the school district is correct in his contention that the Act of 1913 has no retroactive effect so as to apply to the assessments levied by a district organized prior to the passage of the Act. We start out with the presumption that all legislation is intended to act only prospectively, and, as announced by this court, that "the established rule is that all statutes are to be construed as having only a prospective operation unless the purpose and intention of the Legislature to give them a retrospective effect is expressly declared or is necessarily implied from the language used." *State ex rel. v. K. C. & M. Ry. & Bridge Co.,* 117 Ark. 606. This court held in *Board of Improvement* v. *School District,* 56 Ark. 335, that the statutes of the State authorizing the levying of assessments for local improvements did not contemplate that school property should be assessed, and the principal reasons given for the holding was that the statutes provided no method for enforcing such assessments against that character of property. Since then there has been no legislation on the subject until the Act of 1913 was passed. That statute contains no specific provision with reference to the method of enforcing assessments against school property, but conceding, as contended by counsel for appellee, that the specific reference in the new statute to that character of property brings it within the operation of the general statutes on the subject of enforcing such assessments, there is still no provision in the statute, or in any other, containing authority for the levy of assessments on school property by a district formed prior to the enactment of the statute. The benefits are assessed and the amounts levied as soon as the district is organized, and there is no authority in the statute for the levying of any assessments thereafter except in the way of a revision or re-adjustment of assessments theretofore made.

Section 2 of the Act of 1913 provides that the Board of Improvement "may require the assessors thereafter to revise their assessments not oftener than

once per annum increasing or diminishing the assessments against particular pieces of property as justice may require," and there are other provisions of the general statutes in force before that time authorizing readjustment of assessments already made, but there is nowhere found any statute which contains authority to assess property anew which was not subject to assessment at the time of the organization of the district.

We are of the opinion, therefore, that the statute, when considered as a whole, not only fails to overcome the presumption against an intended retroactive effect, but it is shown affirmatively that no such effect was in fact intended by the law-makers.

It follows, therefore, that the assessments levied against the school property of appellant district were without authority and void. The decree of the chancellor is reversed and the cause is remanded with directions to dismiss the complaint of the Board of Improvement.