## JOHNSTON *v.* CONWAY.

Opinion delivered January 23, 1922.

1. PARTIES—INTERVENTION.—In a suit in equity to require the board of commissioners of an improvement district to levy and collect an assessment to pay a judgment against the improvement district, taxpayers interested in the litigation were properly permitted to intervene and be treated as parties defendant.

2. APPEAL AND ERROR—OBJECTION NOT RAISED BELOW.—Where taxpayers were permitted to intervene and become defendants in a suit against an improvement district, objection to the ruling making them parties cannot be made for the first time on appeal.

3. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICTS—LIMIT OF ASSESSMENTS.—Since the only justification for the imposition of local assessments rests upon the enjoyment of special benefits to the property thus taxed, the amount of the tax must not exceed the special benefit derived.

4. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICTS—MODE OF MAKING ASSESSMENTS.—The assessments of benefits in a local improvement district must be made by the board of assessors of the district, and not by the chancery court, and a revision or readjustment of the assessment of benefits must be made in the manner prescribed by the statute (Crawford & Moses' Dig. § 5657).

5. INJUNCTION—REMEDY TO COMPEL COLLECTION OF ASSESSMENTS.—The remedy of a contractor holding a judgment against an improvement district is complete and adequate at law through annual adjustment of assessments, and not by recourse to equity to compel levy and collection of assessments.

Appeal from Miller Chancery Court; *James D. Shaver,* Chancellor; reversed.

*Frank S. Quinn,* for appellants.

1. The estimated cost of the improvement is a limit of liability upon the property in the district. C. & M. Digest, §§ 5656, 5657; 134 Ark. 315, 319; 97 *Id.* 334, 342; 86 *Id.* 1; 115 *Id.* 96.

2. The assessment of benefits is a limitation upon the liability of the property in the district. C. & M. Digest, §§ 5657, 5658; 86 Ark. 1, 7, 8, 9, 14, 21, 22; 97 *Id.* 334, 342; 127 *Id.* 341.

*Arnold & Arnold,* for appellee.

There is nothing to show that the interveners are aggrieved. The allegation that they were taxpayers was in issue and was supported by no evidence.

Appellants intervened and appealed individually. They had no authority of law to represent themselves and all other owners in the district. They are not entitled to maintain an appeal. 145 Ark. 529.

The decree should be affirmed. When the court made the assessment, no objection that the assessment should have been made by the district assessors. The original assessment, with the additional assessment by the court, does not exceed the twenty per centum limitation, and it is not denied that the real property in the district was benefited to the extent thereof. 55 Ark. 148; 95 *Id.* 575.

*Frank S. Quinn,* for appellant, in reply.

Appellee filed no response to appellant's application for leave to file an answer and to be made parties, and its allegations will be treated as true. He is in no position to raise the question here for the first time as to their right to defend the suit or to prosecute this appeal. 64 Ark. 305; 71 *Id.* 242; *Id.* 552; 75 *Id.* 312; 74 *Id.* 557; *Id.* 88; 70 *Id.* 197.

WOOD, J. The Board of Improvement District No. 16 of the city of Texarkana filed its assessment of the cost of the work in the district showing the cost to be

$15,000 and $4,500 for interest on bonds, making a total cost of $19,500. An assessment of benefits was made by the board of assessors of the district, filed with the city council and duly levied against the property in the district. The benefits thus assessed were $18,945. The improvement district expected the city to contribute $1,000 to pay the difference between the benefits assessed and the cost of the work. Everv piece of property in the district had been assessed. The assessment roll showed a property value in the district of $106,380. Two of the board of assessors who made the assessment of benefits testified. Their testimony was to the effect that the assessment they made in 1912 provided for the entire cost of the improvement; that the assessment was made having in view the benefit that was to accrue to the property by reason of the work contemplated; that the assessment was as much or more than the benefits received; that they had not changed their opinion about the amount of the benefits to accrue to the property, and if they had to assess the benefits again they could not do otherwise than they had already done; that the benefit was fair and equitable.

C. M. Conway was the contractor who constructed the improvement of the district. Before the work was completed it was ascertained that the district did not have enough money to complete the improvements contemplated. After the work was well under way the board agreed with the contractor that he might go ahead and finish the work, and that he should take the note of the district for the amount that was due him over and above the amount derived from the assessment of benefits. Accordingly, the board executed its note to Conway in the sum of $3,221.91, on which Conway afterwards sued the district and recovered judgment in the sum of $3,222.91, with interest at the rate of 7% per annum from August 14, 1919, until paid, together with all costs.

This action was begun in the Miller Circuit Court against D. B. Johnson, A. B. Little and F. E. Brown, as the Board of Improvement of District No. 16 of the city of Texarkana, and also against the board of assessors for the district and the collector and treasurer to require the levy and collection of an assessment against the property in the district to pay the judgment, interest and costs. The action was an application for a writ of mandamus. The prayer of the complaint is that the collector be ordered to return a list of delinquents, that the board of improvement be ordered to foreclose against such delinquents, and that the board be ordered and directed to require the assessors to readjust the benefits accruing to the lands by reason of additional improvements, and that the board be directed to require said assessors to assess additional benefits, sufficient to pay the plaintiff's claim, not, however, in excess of 20%; that the treasurer of the district be ordered to turn over all such funds as he has in his hands in payment of the judgment, etc.

The board of improvement answered and admitted the judgment set out in the complaint, but denied that the members of the board had failed to discharge any legal obligation in relation to the improvement district, and denied that the plaintiff was entitled to the relief which he asked. They set up that the district issued bonds with which to construct the improvement contemplated by the district; that the work was let to the plaintiff, and that the proceeds of the sale of the bonds were paid to him on his contract for the construction of the improvement; that the revenues derived from the assessment of benefits were pledged to the bondholders, and that when the proceeds of the bonds were absorbed in the work by Conway he agreed to finish the work and accepted the note of the district for whatever might be due him, subject to the bond issue, and to take his chances on being able to collect the same. They allege that when the work was completed the board executed a promis-

sory note in accordance with that understanding which was the basis of Conway's judgment; that all the hands had not been paid; that a bond for $500 and interest was still due and that the district had not sufficient funds to take up that bond and interest. The cause on motion of Conway was transferred to the chancery court.

W. J. Paulk, Cleo Lynn, S. M. McAdoo, J. H. Mc-Lain and J. T. Davis filed an application to be made defendants in the suit, alleging that they were tax-payers in the district and were entitled to be heard in the proceeding, and further alleging that it was their opinion that it was not the purpose of the board of improvement to defend the suit, and that it was necessary that the petitioners appear and defend. They tendered an answer with their application to be made party defendants. In their answer these parties set up that they were tax-payers of the district and had paid all assessments of benefits levied against their property; that the district was organized in 1912, and that an estimate of the cost of improvement and the levying of assessment of benefits was made in 1912; that the funds derived from such assessment had been exhausted, and no further assessment existed against the property in the district. They set up that no authority existed for making any new or additional assessment; that the original cost of the work had been paid, and that any other costs than that shown by the report of the board of improvement to the city council upon which the assessment was based would not be a legal charge against the property in the district. They denied that the benefits equaled or exceeded the cost of the construction, and alleged, on the contrary, that the cost of the improvement exceeded the assessment of benefits, and that the excess of costs over such assessment is not collectable out of the property in the district. They denied all the other allegations of the complaint. They admitted that there was a small balance in the hands of the treasurer of the district, but

alleged that there were outstanding bonds of the district more than enough to take up this balance.

Upon the issues and facts as above stated, the court entered a decree finding that the sum of $3,222.91 was due Conway with interest at the rate of 7 per cent. per annum from August 14, 1919, until paid; that the sum of $1,776 of said judgment is collectible from the tracts and parcels of land located within the confines of the district, and is a lien against the lands in the proportion named in the decree, and directed the collection of the amount in the proportions set forth in the decree against the several tracts of land in the district. The decree further appointed a collector to collect the assessment, and directed that he should file a report on the first of December, 1921, showing what collections he had made and what property was delinquent, so that the court might proceed to foreclose the lien for the amounts which remained unpaid. Both the plaintiff and the interveners excepted, prayed and were granted an appeal.

1. Upon the petition of the appellants to be made parties to the proceedings, setting up that they were tax-payers and interested in the result of the litigation, which petition was duly verified, the court ruled correctly in permitting the appellants to intervene and to be treated as parties defendant. Besides, there was no response to the application of the appellants to be made parties. The appellee, not having objected in the court below to the ruling of the court making the appellants parties defendant, cannot raise such issue here for the first time. *Hadley* v. *Bryan,* 70 Ark. 197; *Williamson* v. *Bennett,* 75 Ark. 312.

2. The trial court had no authority to levy an assessment upon the property in the district to pay the sum adjudged to be due the appellee by the district. It has often been held by this court that property owners in an improvement district cannot be required to pay an assessment against their property for the costs of an improvement which exceeds the benefit accruing to the

property by reason of such improvement. In one of the latest cases upon the subject we said: "Since the only justification for the imposition of local assessments rests upon the enjoyment of special benefits to the property thus taxed, the amount of the tax must not exceed the special benefit derived." *Mullins* v. *Little Rock,* 131 Ark. 59-64-65. See, also, *McDonnell* v. *Imp. Dist.,* 97 Ark. 334-342; *Kirst* v. *Imp. Dist.,* 86 Ark. 1.

3. The assessment of benefits in a local improvement district must be made by the board of assessors of the district, and not by the chancery court, and a revision or readjustment of the assessment of benefits must also be made in the manner prescribed by the statute. (Sec. 5657, C. & M. Digest.) See *Board of Imp.* v. *Special School District of Texarkana,* 127 Ark. 341. The statute provides for an annual readjustment of the assessment according to additional improvements placed upon the property, etc. (Sec. 5658, C. & M.) There is no authority anywhere in the statute for any court to make an original assessment of benefits to property in local improvement districts. To justify any assessment, it must be made in the manner contemplated by the law under which the improvement district is organized. It is conceded by learned counsel for the appellee that there was no effort made for a readjustment of the assessment of benefits as contemplated by the statute. The appellants therefore had the right to attack the assessment made by the chancery court. Conceding here, without deciding, that the appellee's judgment is a valid claim against the district and a lien upon the property in the district, it cannot be satisfied in the manner directed by the decree of the chancery court. It is manifest that, if the appellee has any remedy at all, it is not by action through the channels of the chancery court. If he is entitled to any relief, he has a complete and adequate remedy at law. The decree is therefore reversed, and the cause will be remanded, but with leave, if the parties are so advised, to transfer to the law court.