## DUPREE v. WILLIAMS.

### Opinion delivered February 21, 1927.

1. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—VALIDITY OF ASSESSMENT.—Where an assessment for sewer benefits in a municipal improvement district and the proceeding to foreclose a lien therefor were against an undivided half interest in a certain tract of land, a sale thereunder was void, under Crawford & Moses' Dig., §§ 5657, 5667, since the benefits must be assessed against each tract of land, and not against an interest therein.

2. MUNICIPAL CORPORATIONS—IMPROVEMENT TAX SALES—REDEMPTION. —Crawford & Moses' Dig., § 5644, limiting the time for redemptions from sales for improvement taxes to five years, and § 6946, *Id.,* limiting the time for redemption from judicial sales to five years, do not apply to void sales.

Appeal from Miller Chancery Court; *C. E. Johnson,* Chancellor; reversed.

*Frank S. Quinn,* for appellant.

*Shaver, Shaver & Williams,* for appellee.

HUMPHREYS, J. Appellant instituted suit against appellees in the chancery court of Miller County to redeem the north half of the northwest quarter of the southeast quarter of the northeast quarter of section 19, township 15 south, range 28 west, in said county, from a sale for sewer district taxes, predicating her cause of action upon the allegations that she was a tenant in common with appellees in a 10-acre tract of land, of which the land described above was a part at the time they bought it in for sewer taxes, and that their purchase was for her benefit, and that they hold the tax title in trust for her; that, if not the owner as tenant in common, the sewer tax foreclosure and sale were void and of no effect.

Appellees filed an answer to appellant's complaint, denying the material allegations therein and interposing the defenses of limitations under redemption statutes, and laches.

The cause was submitted to the court upon the pleadings and testimony introduced by the respective parties, which resulted in a decree dismissing appellant's complaint for want of equity, from which is this appeal.

On the 24th day of January, 1913, appellant loaned the Southern States Realty Company, of Texarkana, Arkansas, the sum of $10,000, the said realty company being a subsidiary of the Texarkana Trust Company, a banking corporation, and, to secure the note given for the loan, such company executed its mortgage deed of trust to Frank S. Quinn, as trustee for appellant, on a large acreage, including the land described above. Subsequent to the execution of the mortgage, the Southern States Realty Company conveyed to the Texarkana Trust Company all the lands it was holding for said trust company, including the land mortgaged to appellant. On January 1, 1914, A. B. Little of Texarkana was appointed receiver for the Texarkana Trust Company, to succeed James D. Head, and continued as such receiver until the year 1921, when the receivership was closed. On November 15; 1915,

Sewer Improvement District No. 17 of the city of Texarkana foreclosed its lien against said real estate for delinquent improvement taxes, and sold same to satisfy said lien, at which sale appellees became the purchaser, and later procured a tax deed for same. The land was assessed in the sewer district as an undivided one-half interest in lot 10, section 19, township 15 south, range 28 west, and the same description was maintained throughout the proceedings to enforce the lien for delinquent sewer taxes. Appellant was not made a party to the proceeding. In the month of July, 1917, after the sale and purchase of an undivided one-half interest in said 10-acre tract by appellees at the sewer tax sale, the several owners thereof entered into a partition agreement whereby the Texarkana Trust Company was to have the north five acres and appellees and W. H. Arnold the south five acres. Subsequently the partition agreement was reported to the Miller Chancery Court, and approved. Deeds were never delivered to the respective parties in accordance with their several interests, but the partition agreement was acquiesced in and acted upon by said parties. On the 11th day of August, 1917, the Texarkana Trust Company agreed to convey the lands mortgaged to appellant to secure the $10,000 loan to the Southern States Realty Company to her in settlement of the note and mortgage. The agreement was approved by the chancery court on November 19, 1917, and the receiver was ordered to make a deed to her for the lands. He complied with the order, and, instead of conveying her the undivided one-half interest of the Texarkana Trust Company in said 10-acre tract, he conveyed her the north half of said 10-acre tract, in keeping with the partition agreement made between the parties, and approved by the chancery court on September 19, 1917. The 10-acre tract is unimproved. Neither appellant nor appellee have ever had actual possession thereof.

We deem it unnecessary to more fully state the facts revealed by the record in order to determine the ownership of the north five acres of said ten-acre tract. Accord-

ing to the statement above, it will be observed that appellees, W. H. Arnold and the Texarkana Trust Company, owned the 10-acre tract as tenants in common prior to the purchase at the sewer tax sale by appellees of the undivided one-half interest therein of the Texarkana Trust Company.

Appellees claim to have acquired the undivided one-half interest of the Texarkana Trust Company in said 10-acre tract under the tax sale, and not otherwise. They contend that the sale was valid. Appellant contends that the sale was void upon several grounds, the chief one being that the assessment of benefits was assessed against an undivided one-half interest in the 10-acre tract instead of being assessed against the entire tract, or some particular part of same. Our interpretation of §§ 5657 and 5667 of Crawford & Moses' Digest is that benefits must be assessed against each lot, block or parcel of land in an improvement district, and cannot be assessed against an undivided interest therein. An undivided interest is neither a lot, block, or parcel of land. The sewer tax sale was absolutely void, and no rights were or could be acquired therein by appellees as against their tenants in common or its grantee, the appellant herein. Section 5644 of Crawford & Moses' Digest, relative to redemptions from improvement district tax sales within five years, and § 6946 of said Digest, relative to redemptions from judicial sales within five years, have no application to sales which are absolutely void. Appellant is therefore not barred by either statute.

There is nothing in the record which calls for the application of the doctrine of laches.

Appellant has offered to refund all taxes, with interest, which appellees have paid on said land, so the decree will be reversed, and the cause remanded with directions to cancel the alleged sewer tax title and the record thereof, and to quiet the title to the north five acres of said ten-acre tract in appellant as against appellees, upon the payment of taxes and interest paid on said land by appellees.