DOUGLAS *v.* FERRIS.

4-5239                                        122 S. W. 2d 558

Opinion delivered November 14, 1938.

*Arthur L. Adams* and *Frank C. Douglas,* for appellant.

*Shane & Fendler,* for appellee.

DONHAM, J. Appellee has owned and has been in possession of certain lands in Mississippi county, Arkansas, for more than twenty-four years. These lands are within the St. Francis Levee District and are, therefore, subject to the levee taxes imposed by said district. The lands became delinquent for the taxes of the years 1926 to 1932, inclusive. The Levee Board started separate proceedings to foreclose the tax lien of the district for each of the first four years. The proceedings for these four years were consolidated and one decree entered covering the entire period. The Levee Board filed a separate suit to foreclose its lien for the taxes of the years 1930 to 1932, inclusive, one decree being taken for the entire period.

In 1937, the lands of appellee were sold by the Levee Board to appellant. No deed had been procured by the Levee Board under said foreclosure proceedings but the sales had been confirmed. On September 27, 1937, appellant appeared in the chancery court and requested the approval of a deed to the Levee Board in pursuance of said foreclosure decrees. The deed which appellant prayed that the court approve contained an order directing the issuance of a writ of assistance to place the Levee Board, or its purchaser, in possession. Appellee appeared through his solicitors and requested permission to intervene for the purpose of setting up his exceptions

to said foreclosure proceedings. This request was granted and appellee was given time in which to file his petition setting up his exceptions. Within the time allowed, he prepared and filed his petition and cross-complaint, setting up various reasons why said foreclosure decrees, the sales in pursuance thereof and all proceedings thereunder, were void and should be canceled and set aside as clouds upon his title.

In compliance with the law, appellee offered to pay appellant all sums which he had paid out as taxes, or otherwise, and which he was entitled to recover back in case appellee succeeded in obtaining the relief prayed in his petition.

Specific allegations were set out in the petition of appellee to the effect that the mandatory provisions of the law with reference to the recording of the delinquent lists by the chancery clerk were not complied with, in that the record failed to carry the certificate of the clerk with the date of the recording, and that it also failed to show the clerk's official seal. There were other allegations with reference to alleged defects in the record, such as the incorrect spelling of the name of appellee, some of the records giving the name as ''S. D. Ferrie'' and others giving it as ''S. D. Feeie.'' It was, also, alleged that the record for some of the years in question did not carry a signed notice to landowners; that for the year 1927 one-half of the tract of land involved was described as being in the wrong section, the record showing that the land was in section 7, instead of correctly showing it as being in section 9; that for the year 1928 the record showed that one-half of appellee's land was in section 19, instead of correctly showing it as being in section 9.

To all of these allegations contained in the intervention petition of appellee, the appellant answered, alleging that the St. Francis Levee District Board brought foreclosure suits against appellee's lands for the unpaid taxes of the years 1926 to 1932, inclusive, after the collection books were properly opened and closed and delinquent lists filed and recorded for said years as re-

quired by law. It was further alleged that if there were any defects in the proceedings involving the return of the delinquent lists by the collector and the recording of same by the clerk, such defects were immaterial and did not make the decrees and sales void, and that "appellee is now cut off from raising any objection to the issuing of deeds to the St. Francis Levee District; that this is not a direct attack upon the decrees, but is a collateral attack and not brought within proper time; that said decrees are now final and deeds should be issued to the Levee Board, and that appellee is barred by laches."

Appellee filed an amendment to his complaint, asking that Harvey Morris, chancery clerk, be made a party-defendant; and that the records of delinquent lists be corrected to show other and different dates as to filing, recording and certifying by the clerk, alleging that these records are false. Morris was made a party to the suit and entered his appearance.

Appellee took many depositions for the purpose of varying dates shown by the record with reference to the filing of the delinquent lists by the collector of the district and their recording by the clerk. Appellant filed a motion to quash these depositions, alleging that they were offered for the purpose of varying and changing permanent records in the clerk's office, contrary to law. Upon a hearing on this motion, the court held that the depositions could not be considered for the purpose for which they were offered.

Upon a final hearing, the court rendered a decree in favor of appellee, holding that the foreclosure decrees and sales in pursuance thereof were void, because the clerk failed to record and certify the delinquent lists on or before January 1st, as required by law; and that the appellee should recover for the 1937 rents and should pay to the appellant the amounts he had paid for the land and for the taxes paid by him. Appellant prayed and was granted an appeal.

The trial court found, quoting from the decree, "that it is unnecessary to examine any of the contentions as

to the validity of the sales, except that concerning the allegation and proof regarding the failure of the chancery court clerk to record the list and to certify the same on or before the first day of January in the proper year as required by statute and to attach his official seal to the certificate; that the records show that the clerk failed to comply with the statute in the manner just mentioned and that for that reason the foreclosures and sales in question are void and should be canceled as clouds upon the title of intervener.''

The court thereupon ordered, adjudged and decreed that ''the foreclosures and sales to the St. Francis Levee District and by the district to F. C. Douglas, involving delinquent taxes for the years of 1926 to 1932, inclusive, be, and the same are hereby, canceled, set aside and for naught held in so far as they affect the lands hereinbefore described, and that the title of S. D. Ferris in and to said lands be, and the same is hereby, quieted and confirmed against said St. Francis Levee District and F. C. Douglas.''

The main question presented by the record is whether the proceedings to foreclose the levee district's liens for taxes were void for failure to comply with certain provisions of the law with reference to recording the delinquent tax lists for the years 1926 to 1932, inclusive. As heretofore stated, it is contended by appellant that such failures as are shown by the record with reference to recording these delinquent tax lists are immaterial and that they do not render the foreclosure decrees and sales made in pursuance thereof, void, and that in any event appellee is now barred from raising any objection by reason of the five-year statute of limitations. On the other hand, appellee contends that a failure on the part of the clerk of the chancery court to record said list and to subscribe upon the record of the same his certificate, over his signature and seal of office, within the time required by law, renders any proceeding to foreclose the tax lien of the district void.

After providing for the recording of said lists on or before the first day of January next after the filing

of same, act 455 of 1917, and act 15 of the Special Session of 1920, both provide as follows: "And next thereafter and on the same date the said clerk shall subscribe upon said record his certificate, over his signature and seal of office, to the effect that the foregoing delinquent list, as recorded, is a true and correct copy of said list as filed with him by said collector of said board of directors, and the date of such certificate shall be evidence that said list and notice were indorsed upon the record on that date."

As to whether a failure to comply with this provision of the law is sufficient to set aside a tax sale, pertinent provisions of act 455 of 1917, and act 15 of the Special Session of 1920, are as follows: "Whenever the validity of any decree rendered in any action instituted for the enforcement of the collection of the alleged delinquent levee taxes due said district for the year 1917, or any subsequent year, and the penalty thereon, shall be brought into question in any judicial proceedings, it shall be competent and sufficient for the purpose of vacating said decree and canceling said sale, notwithstanding the proceedings may be a collateral attack on such decree, and notwithstanding the recitals of such decree, to show that the levee taxes, the collection of which was sought to be enforced by said decree, had in fact been paid before the date of the decree, or that the collector's delinquent list had not been verified or filed within the time prescribed; or had not been recorded or certified within the time prescribed; provided, that the fact that such delinquent list was not verified or filed or recorded or certified within the time prescribed may be shown only by evidence appearing on the face of the record of such delinquent lists kept by the clerk; provided, further, that no action shall be brought to set aside any decree or cancel any sale on the ground that the taxes had already been paid unless such action be begun within five years next after the confirmation of such sale." Section 11, act 455 of 1917, and § 12, act 15 of the Special Session of 1920.

In addition to the above-quoted provisions, § 18 of act 15 of the Special Session of 1920, provides that the provisions of said act are mandatory. Of course, if failure

to comply with the requirements of the act with reference to the certificate of the clerk is sufficient to vacate the decree to foreclose the tax lien and to cancel the sale in pursuance thereof, then such failure is mandatory and jurisdictional. As will be noted, both of said acts above referred to provide that "it shall be competent and sufficient for the purpose of vacating said decree and cancelling said sale, notwithstanding the proceedings may be a collateral attack on such decree, and notwithstanding the recitals of such decree, to show . . . that the collector's delinquent list had not been verified or filed within the time prescribed; or had not been recorded or certified within the time prescribed."

It seems that there is no escape from the conclusion that compliance with the provisions of said acts as to recording the delinquent tax lists and certifying the record is necessary to valid proceedings to foreclose the tax lien of the district. The trial court specifically found that the chancery court clerk did not record and certify the delinquent lists for the years in question within the time and in the manner prescribed by law, and upon this finding, decreed that all foreclosure proceedings and sales had in pursuance thereof were void.

Our attention has been called to the construction we have placed upon act 534 of the Acts of 1921, same being a general act applying to road improvement districts, fencing districts, levee districts and drainage districts alike. This act requires the county collector to file with the chancery court clerk a duly, verified copy of the delinquent list by the second Monday in June, and further requires that the clerk file and record said list on or before July 1st, and also requires that the clerk attach his certificate to the recorded list. The act makes the certificate conclusive evidence that such list was filed and recorded as stated in the certificate. It is true that we have held that a failure to file such a delinquent list or to record and certify it within the time limit is not jurisdictional, and that improvement districts may proceed with foreclosure proceedings, notwithstanding such

failure to file and record the delinquent list. *Moore* v. *Long Prairie Levee District,* 153 Ark. 85, 239 S. W. 380; *Beasley* v. *Hornor,* 173 Ark. 295, 292 S. W. 130; *Miller* v. *Coleman et al.,* 192 Ark. 932, 96 S. W. 2d 449.

Act 534 of the Acts of 1921 contains no provision that failure by the collector to file the delinquent list within the time required by law shall be sufficient to vacate a decree foreclosing the tax lien and to cancel a sale in pursuance thereof. Nor does the act contain any provision that failure by the clerk to record and certify the delinquent list shall be sufficient to set aside foreclosure proceedings to enforce the lien of the district for taxes. Therefore, we have held that the provisions of said act are not mandatory. Unlike this act, act 455 of the Acts of 1917, and act 15 of the Special Acts of 1920, both contain provisions that it shall be sufficient for the purpose of vacating a foreclosure decree and cancelling the sale in pursuance thereof to show "that the collector's delinquent list had not been verified or filed within the time prescribed; or had not been recorded or certified within the time prescribed." In addition to these provisions, § 18 of act 15 of the Acts of 1920, provides: "The provisions of this act are mandatory." In other words, the provisions of acts applicable in the instant case are clearly mandatory and jurisdictional, whereas the provisions of act 534 of 1921 are not mandatory or jurisdictional.

Section 12 of said act 15, and § 11 of said act 455, provide that "the fact that such delinquent list was not verified or filed or recorded or certified within the time prescribed may be shown only by evidence appearing on the face of the record of such delinquent lists kept by the clerk."

In its finding that the chancery clerk had not complied with the law with reference to recording said delinquent lists and attaching his certificate thereto, the court excluded all testimony except that shown upon the face of the record. Testimony was introduced by way of depositions of several witnesses to the effect that said lists were never recorded before the expiration of the

time provided by law. All this testimony was excluded because the statute provides that a failure to record and certify the list within the time required by the statute may be shown only by evidence appearing on the face of the record of such delinquent lists kept by the clerk. It is not necessary for us to decide whether the court committed error in excluding this evidence. The trial court did not hold that the record could not be corrected when vitiated by fraud.

It is contended by appellant that appellee is barred by limitations. We know of no statute of limitations that would bar appellee from maintaining his action to cancel the foreclosure proceedings and deeds issued in pursuance thereof as clouds upon his title. We have a five-year statute of limitations providing that "all actions against the purchaser, his heirs or assigns, for the recovery of lands sold at judicial sales, shall be brought within five years after the date of such sale, and not thereafter; saving to minors and persons of unsound mind the period of three years after such disability shall have been removed." Section 8924, Pope's Digest.

This court has held, however, that this statute does not apply as against one in possession of land in controversy. *Phillips* v. *Jones,* 79 Ark. 100, 95 S. W. 964, 9 Ann. Cas. 131.

This court has held that this section of the statute does not apply to a void sale by an improvement district. *Dupree* v. *Williams,* 172 Ark. 979, 291 S. W. 84. This court also held in said last above case that § 5644 of Crawford & Moses' Digest, limiting the time for redemptions from sales for improvement taxes to five years, did not apply to void sales by improvement districts.

In the case of *Wildman* v. *Endfield,* 174 Ark. 1005, 298 S. W. 196, this court said: "This court has decided several times that the two-year statute of limitations (§ 13883, Pope's Digest, relied on by appellant in this case, has no application as to jurisdictional matters or vital defects in the proceedings relating to a tax sale, but only to irregularities."

Section 11 of act 455, Acts of 1917, and § 12, act 15 of the Special Session of 1920, provide: "That no action shall be brought to set aside any decree or cancel any sale on the ground that the taxes had already been paid, unless such action be begun within five years next after the confirmation of such sale."

It is clearly seen that this limitation does not apply to a case wherein the sale is shown to be void because of non-compliance with mandatory provisions of the law.

As heretofore stated, the record shows that appellee had owned and had been in possession of the lands involved in this case for more than twenty-four years. He was in possession of said lands at the time of the filing of his intervention and according to the record is still in possession, except for a semi-receivership proceeding under which the solicitors of the appellant and appellee are renting the lands and collecting the rents and profits. The decrees foreclosing the liens of the levee district being void, because of failure on the part of the chancery clerk to comply with mandatory provisions of the statute, appellee had a right to attack the foreclosure proceedings and ask for a cancellation of deeds issued in pursuance thereof at any time for the purpose of having said decrees and deeds canceled as clouds upon his title.

We agree with the trial court that the decrees of the chancery court foreclosing the district's tax liens and all deeds issued in pursuance thereof are void because of failure on the part of the chancery clerk to comply with mandatory provisions of the law in regard to recording and certifying the delinquent tax lists. We further adopt the view of the court that failures of said clerk in these respects, sufficient to cancel said foreclosure proceedings and deeds issued in pursuance thereof, are shown upon the face of the record.

The trial court decreed that appellant was entitled to recover of and from the appellee the sum of $100.42, this being the difference between the sum total of the amounts paid the levee district by him for deed which he had received from the Levee Board, plus the, 1937, state and county taxes, also plus the sum of $40 drainage taxes for

the year 1937 paid by appellant. The trial court decreed that appellant was entitled to judgment against appellee for the sum of $100.42, this being the excess of amounts paid out by him as consideration for the deed executed by the Levee Board and for taxes over and above the amount of rents he had received, this net amount to bear interest at the rate of 10 per cent. per annum from the date of the decree. A lien was also decreed upon said lands to secure the payment of the amount due appellant. The court retained jurisdiction of the cause for the purpose of winding up the receivership hereinabove referred to and to enforce the written agreement existing between the parties with reference to repairs, improvements and rents. The decree was otherwise by agreement of the parties made final and appealable.

No error appearing of record, the decree of the court is affirmed.

SMITH, McHANEY and BAKER, JJ., dissent.