HOME OWNERS' LOAN CORPORATION *v.* PAVING DISTRICT No. 75.

4-5713                                                    135 S. W. 2d 59

Opinion delivered December 11, 1939.

*Eugene A. Matthews* and *C. B. Craig,* for appellant.
*Coleman & Gantt,* for appellee.

HOLT, J. This cause was presented to the trial court on an agreed statement of facts, and for the purposes of this opinion we adopt appellants' concise statement, which we think covers the material facts in this case, as follows:

"Appellee, Paving District No. 75, is a street improvement district duly organized and existing under the provisions of act 84 of the General Assembly of the state of Arkansas, approved March 22, 1881, and the subsequent acts of the said General Assembly amendatory thereof or supplemental thereto, said district having been formed by certain ordinances, duly passed by the city council of the city of Pine Bluff, Arkansas, and being approved by said city council on November 19, 1923; said Paving District No. 75 was created and organized for the purpose of paving certain streets which were included in said paving district and said city ordinances, among other things, provided certain assess-

ments, payable in successive annual installments, as liens against the property in said district for the purpose of paying the cost of said improvements, the annual installments being due and payable on the 15th day of May each year, beginning on May 15, 1924. Among other properties in said district was the property of Andrew M. Lee which was legally described as:

. "Lots seven (7) and eight (8) in block five (5) of Drew White's Subdivision of the northeast quarter (NE¼) of the northeast quarter (NE¼) of section ten (10), township six (6) south, range nine (9) west, commonly known as Drew White's Survey No. Two (2), Pine Bluff, Jefferson county, Arkansas.

"It was stipulated by and between the parties hereto that at the time the district was organized the benefits to be received by the said lot seven (7) were duly assessed at the sum of $677.60 and the benefits to be received by the said lot eight (8) by reason of said improvement were duly assessed at the sum of $1,056.40. It was further stipulated and agreed that the annual installments of benefits were duly paid in the years 1924, 1925, and 1926, and that in the year 1927 the defendant, Andrew M. Lee, who was at that time the owner of the said lots, sold the north fifty (50) feet of each of said lots, and by agreement between the owners of the said respective portions of said lots the said assessed benefits were apportioned, and that the annual installments of said benefits as so apportioned were duly paid in the years 1927, 1928, 1929, 1930, 1931, 1932, and 1933.

It was further stipulated that the outstanding bonds of the said district were refunded as of September 1, 1933, and that the unpaid balance of the said assessed benefits were $210.68 on the south one hundred four (104) feet of said lot seven (7) and $316.02 on the south one hundred four (104) feet of said lot eight (8).

It was further agreed that the annual installments of said benefits on the south one hundred four (104) feet of said lots seven (7) and eight (8) in the years 1934, 1935, 1936, and 1937, amounting to the sum of $52.67 for each of said years had not been paid and

▬▬▬▬▬▬▬▬▬▬▬

had been duly returned as delinquent by the city collector of Pine Bluff, Arkansas, with penalties as provided by law; that said installments of benefits payable in the said years 1934, 1935, 1936, and 1937, aggregating $210.68 were then due and owing to the said defendant paving district with penalties as provided by law, and were unpaid and that the installment payable May 15, 1938, in the amount of $52.67, was past due and unpaid. The north fifty (50) feet of the south one hundred four (104) feet of said lots seven (7) and eight (8) was conveyed to Ben C. Lee and the appellant, Home Owners' Loan Corporation, became the owner of the south fifty-four (54) feet of the said lots seven (7) and eight (8) and thereupon requested that the said assessments of benefits on the portions of the lots belonging to it be segregated and separated from the assessment of benefits on the north fifty (50) feet of the south one hundred four (104) feet of the said lots seven (7) and eight (8) so that it might pay only that part of the said paving taxes then due and thereafter to become due on the south fifty-four (54) feet of said lots seven (7) and eight (8).

"It was further stipulated and agreed that the appellant, Home Owners' Loan Corporation, had sold and conveyed the south fifty-four (54) feet of the said lots seven (7) and eight (8) to Joseph W. Whiteaker and Laura P. Whiteaker, appellants herein, but that appellant, Home Owners' Loan Corporation, retained a mortgagee's interest in the property, said mortgage having been duly recorded in the office of the recorder of Jefferson county, Arkansas, and it was agreed that Ben C. Lee and Peal Lee, his wife, were the owners of the north fifty (50) feet of the south one hundred four (104) feet of the said lots seven (7) and eight (8)."

Appellants instituted this suit in the court below to divide the assessment of benefits as between those parts of the lots in question under § 7302 of Pope's Digest of the statutes of this state, which is as follows:

"Section 7302. Wherever lands, or other real property in an improvement district are assessed in one body,

and are at the time owned in separate parcels, or where the ownership subsequently becomes divided, any owner of any part of said property may apply to the chancery court of the county where the lands, or some part thereof, lie, making defendants in his suit the other parties interested in said lands; and, thereupon, it shall be the duty of the court to partition the assessment against said lands amongst the several owners thereof, as equity and good conscience may require.''

The learned chancellor found that the unpaid balance of future assessment of benefits in the district should be partitioned, but that the annual installments which had already become due and payable should not be partitioned but should be paid to the appellee district as levied and extended against the entire south 104 feet of said lots 7 and 8 and ordered and decreed ''that the said unpaid balance of the assessment of benefits in said Paving District No. 75 on the south 104 feet of lots 7 and 8 in block 5 in Drew White's Subdivision of the NE¼ of the NE¼ of section 10, township 6 south, range 9 west, be and it is hereby partitioned between the several owners thereof so that hereafter the said balance of assessment on the north 50 feet of the south 104 feet of the said lots 7 and 8 shall be $131.70 and the said balance of assessment on the south 54 feet of the said lots 7 and 8 shall be $395, and that hereafter annual installments shall be extended against and paid on the said parcels of land, respectively, in accordance herewith; that the annual installments heretofore extended against the south 104 feet of said lots 7 and 8 for the years 1934, 1935, 1936, 1937, and 1938 shall be paid as extended and as now appearing on the tax book of said district and that the said district is entitled to proceed against the said property to collect the said installments, and that the plaintiff shall pay the costs of this action.''

From this ruling of the court comes this appeal.

The only question involved here is, as stated by appellant, ''Did the chancellor correctly interpret and construe § 7302 of Pope's Digest of the Statutes of Arkansas

when he held that the unpaid balance of assessments should be partitioned between the several owners of the south 104 feet of the said lots 7 and 8, and the lien of said assessments fixed in accordance with such proration but that he could not partition the annual installments heretofore .extended against the south 104 feet of said lots 7 and 8 for the years 1934, 1935, 1936, 1937, and 1938, and that they should be paid as levied and extended?''

It is our view that the chancellor correctly interpreted and applied the provisions of the above section of the statute.

We find no authority in this section for dividing the annual tax assessments against the south 104 feet of lots 7 and 8, which had become due and had not been paid at the time the suit in question was filed by appellants, and we think the only authority conferred under the act relates to subsequent and future assessments against the property in question.

We cannot agree with appellants' view that ''assessment'' as used in the statute means not only the assessment of future benefits but all past due taxes as well. It occurs to us that if the Legislature had intended that past due and unpaid taxes should be partitioned after the property had become delinquent, it would have been a very easy matter for it to have said so in the act. This, clearly, it did not do.

We think the clear intent of the act is prospective, and not retroactive, as to the duty it imposes on the court to partition the assessments.

In the instant case the word ''assessment'' as applied to improvement districts means the assessment of benefits and it is that assessment which is to be partitioned in a case of this kind, since it is the basis for the taxes that are extended and collected from year to year. The partitioning of the assessment of benefits against any piece of property automatically partitions all future taxes only on that property.

On November 18, 1937, when appellant, Home Owners' Loan Corporation, filed its suit below, the annual installments on the assessment of benefits for the years 1934, 1935, 1936, and 1937 were due and unpaid on the entire south 104 feet of lots 7 and 8 in question. The lien for same had attached to this property and appellee district had the right to demand that these past due installments be paid to it and that they were not subject to partition under divided ownership between the Ben C. Lees, who had acquired the north 50 feet of the south 104 feet of said lots, and the other appellant, the Home Owners, Loan Corporation, which had acquired title to the south 54 feet.

On this record, finding no errors, we conclude that the decree should be affirmed, and it is so ordered.