PLANT v. PRAUSE.

4-7577                                                   187 S. W. 2d 5

Opinion delivered April 9, 1945.

*A. L. Rotenberry,* for appellant.

*A. D. Camp* and *Lee Miles,* for appellee.

MILLWEE, J. Appellant, C. Plant, instituted eject-ment proceedings in circuit court against appellee, Albert

Prause, for possession of the west one-third of lots 9, 10 and 11, block 7, Holt's Industrial Addition to North Little Rock, Arkansas. She alleged that the property was condemned to sale for nonpayment of assessments for taxes in Curb and Gutter Improvement District No. 25 of North Little Rock, Arkansas, on August 17, 1937; that the property was duly sold and a commissioner's deed executed to Sam Gordon, October 21, 1943; and that Gordon conveyed to appellant, by quitclaim deed, October 25, 1943. Appellee Prause was the tenant of appellee, Viola Shader Coyne, who filed an intervention alleging her ownership and possession of the property and attacking the validity of the commissioner's deed under which appellant claimed title. The cause was transferred to chancery where a decree was entered dismissing appellant's complaint and cancelling the deeds upon which she predicated her suit of ejectment. This appeal followed.

When Curb and Gutter Improvement District No. 25 was organized in 1922, all of lots 9, 10 and 11, block 7, Holt's Addition were owned by George S. Scott and each lot was assessed benefits separately as follows: Lot 9, $580, annual collection $23.20; lot 10, $354, annual collection $14.16; lot 11, $242, annual collection $9.68. These lots as originally platted and assessed by the district were 133 feet in length, running east and west, and 50 feet in width. The district was created with lot 9 abutting on Sixteenth street where the improvements were made. The benefits as originally assessed were paid for two or three years. Sometime in 1924, the owner evidently desired that all three lots face the pavement, and the lots were rearranged to run north and south. On December 9, 1924, J. F. Born, who had previously acquired the three lots from George S. Scott, sold the property involved herein to M. A. Anderson under the following description: "The west one-third of lots 9-10-11, block 7, Holt's Industrial Addition to the city of North Little Rock, Arkansas, more particularly described as west 43.44 feet of lots 9-10-11, block 7, Holt's Industrial Addition to the city of North Little Rock, Arkansas."

In the same year, 1924, someone in the tax collector's office changed the description of the three lots on the assessment records to the east one-third, middle one-third, and west one-third of lots 9, 10 and 11, Holt's Industrial Addition to the city of North Little Rock. This new arrangement of the property gave each call a frontage on Sixteenth street of 44.33 1/3 feet and a depth of 150 feet. At the same time the amount of the annual collection of benefits was changed on the tax records to $15.68 for each parcel for the year 1925. For the year 1926 the annual assessment was again changed in the same manner to $23.52 for each call. This assessment prevailed until 1930 when it was again changed to $19.60.

The attorney for the improvement district during the last ten years of its existence testified that suits for foreclosure of delinquent assessments had been filed, but no decree taken prior to 1937. In that year these suits were consolidated for foreclosure of all delinquent assessments in an effort to close the affairs of the district, the bonds having already been paid. After a foreclosure decree was taken, the court made an order permitting redemption of the delinquent properties upon payment by the owners of one-half of the taxes and all court costs. A notice of this order was published in the newspapers. Later a list of all delinquent properties with a map of the district was turned over to the commissioners to ascertain the type and reasonable rental value of the improvements, if any, on each parcel of property. The list which was returned by the commissioners failed to disclose any improvements on the property involved in this suit. It was assumed by the attorney and commissioners for the district that the property herein was vacant and unimproved when the certificate of purchase was assigned to Sam Gordon for $105.73, the amount of the delinquent taxes, penalty and court costs.

Appellee, Mrs. Coyne, purchased the property from the receiver of the Travelers' Building & Loan Association on January 5, 1933, and her deed describes the parcel as the west 43.41 feet of lots 9, 10 and 11, block 7, Holt's Industrial Addition to the city of North Little Rock.

The amount of land conveyed by this deed is 10 inches less in width than the description under which it sold in the 1937 foreclosure proceedings of the district.

Since several years prior to the purchase thereof by appellee, Mrs. Coyne, a five-room house has been located on the property involved. J. F. Lenon, whose qualifications were admitted by appellant, testified that the value of the property was $3,000. C. L. Kraft, who viewed the property at the request of Manie Schuman, placed the value at $1,500. Appellee has been in continuous possession of the property since her purchase in 1933.

We think the trial court correctly dismissed appellant's complaint and canceled the deed under which she claims title to the property involved in this suit. The record discloses that the original assessment and apportionment of benefits upon the property herein was changed by someone in the tax collector's office in a manner wholly unauthorized by our statutes, §§ 7297-7302, Pope's Digest. These statutes specifically provide the manner in which descriptions of property may be changed and assessments of benefits revised or reapportioned. The foreclosure proceedings, culminating in the sale and conveyance of the property to appellant, were not based upon the assessment of benefits as originally made in 1922, when the district was organized. Nor was the property sold for an assessment which had been legally apportioned or revised in compliance with statutes authorizing readjustment of assessments already made. Appellant calls our attention to the case of *Home Owners Loan Corporation* v. *Paving District,* 199 Ark. 506, 135 S. W. 2d 59, and says this case is conclusive as to the validity of the assessments originally made on the three lots in 1922. The case of *Osborne* v. *Board of Paving District No. 5 of Ft. Smith,* 94 Ark. 563, 128 S. W. 357, is also relied upon where it was held that the question of benefits to be derived from an improvement, and the correctness of assessments levied thereon, are concluded, except for fraud or demonstrable mistake, by the action of the council and assessors in making the assessment, unless set aside in a proceeding instituted within

thirty days after publication of the ordinance levying the assessments. We agree with appellant that the original assessment is conclusive, and we adhere to the holding in these cases. The sale in the instant case, however, is predicated upon a revision of the original assessment which was unauthorized and void.

Mr. Justice BUTLER, in the case of *Street Improvement District No. 74* v. *Goslee,* 183 Ark. 539, 36 S. W. 2d 960, said: "It is the policy of the law that the assessment of benefits against each piece of property becomes fixed as of the time of the original assessment. . . ." In the same case it was held that it was the intent of the law authorizing revision of assessment that it might not be increased or diminished except for some physical change or division of the property since the original assessment, or where there was a mistake in the assessment originally made which was demonstrably erroneous. In the case of *Johnston* v. *Conway,* 151 Ark. 398, 237 S. W. 80, where a reassessment of benefits in an improvement district had been ordered by the chancery court, this court said: "The assessment of benefits in a local improvement district must be made by the board of assessors of the district, and not by the chancery court, and a revision or readjustment of the assessment of benefits must also be made in the manner prescribed by the statute. (§ 5657, C. & M. Digest.) *Special School District of Texarkana* v. *Board of Improvement of Paving District No. 13 of Texarkana,* 127 Ark. 341, 191 S. W. 918. The statute provides for an annual readjustment of the assessment according to additional improvements placed upon the property, etc. (§ 5658, C. & M.)."

It is earnestly insisted by appellant that appellee, Mrs. Viola Shader Coyne, is barred from attacking the foreclosure decree and sale of the property under the decree of August 17, 1937, by § 8924 of Pope's Digest. It has been held, however, that this statute is not applicable against one in possession of the disputed property. In the case of *Douglas* v. *Ferris,* 197 Ark. 32, 122 S. W. 2d 558, Mr. Justice DONHAM speaking for this court said:

"It is contended by appellant that appellee is barred by limitations. We know of no statute of limitations that would bar appellee from maintaining his action to cancel the foreclosure proceedings and deeds issued in pursuance thereof as clouds upon his title. We have a five-year statute of limitations providing that 'all actions against the purchaser, his heirs or assigns, for the recovery of lands sold at judicial sales, shall be brought within five years after the date of such sale, and not thereafter; saving to minors and persons of unsound mind the period of three years after such disability shall have been removed.' Section 8924, Pope's Digest."

"This court has held, however, that this statute does not apply as against one in possession of land in controversy. *Phillips* v. *Jones*, 79 Ark. 100, 95 S. W. 964, 9 Ann. Cas. 131.

"This court has held that this section of the statute does not apply to a void sale by an improvement district. *Dupree* v. *Williams*, 172 Ark. 979, 291 S. W. 84. This court also held in said last above case that § 5644 of Crawford & Moses' Digest, limiting the time for redemptions from sales for improvement taxes to five years, did not apply to void sales by improvement districts."

The sale under the 1937 foreclosure suit of the district being predicated upon a readjusted assessment made without statutory authority, was wholly void and subject to collateral attack by appellee. The sale being void, appellant acquired no title by virtue of execution of the commissioner's deed to her predecessor in title.

The decree is affirmed.

McFaddin, J., dissents.