FORBUS *v.* GIBBS.

4-9000                                                    224 S. W. 2d 790

Opinion delivered November 21, 1949.

Rehearing denied December 19, 1949.

*Brockman & Brockman,* for appellant.

*Jay W. Dickey,* for appellee.

MINOR W. MILLWEE, Justice. Appellant, Charles H. Forbus, is a veteran of the First World War and resided with his wife, Clara Belle, in the City of Little Rock, Arkansas, in 1926. On December 17, 1926, appellant was adjudged incompetent by the Pulaski Probate Court and Mrs. Forbus was appointed guardian of his person and estate, which consisted of compensation paid by the Veterans Administration in amounts varying from $50.63 to $73.12 monthly.

In 1932, appellant and his wife moved to Pine Bluff, Arkansas, and the guardianship was transferred to the Jefferson Probate Court. On February 1, 1932, the property involved in this suit was purchased from R. C. Cutrell, brother of Clara Belle Forbus. The property is described as, "Lots 5 and 6, Block 16 of Cockrill's Addition, South of the Railroad, to the City of Pine Bluff, Arkansas." The deed was executed to Clara Belle Forbus as guardian of appellant and recites a consideration of $2,000 payable in 100 promissory notes in the sum of $20

each. The notes were signed by the guardian and the sale was approved by the Jefferson Probate Court on June 28, 1932.

Abe Barre held a lien on the property in the sum of $1,000 and the first 50 notes were payable to the order of R. C. Cutrell at the Simmons National Bank in Pine Bluff, Arkansas, to discharge this lien. The second series of 50 notes was dated January 1, 1937, and payable to the order of R. C. Cutrell at the National Bank of Commerce in Pine Bluff. A vendor's lien was retained in the deed to secure the purchase money notes, taxes and insurance. Clara Belle Forbus filed annual accountings showing receipts and disbursements of guardianship funds prior to her death intestate on May 18, 1945.

Appellee, Thelma Gibbs, is the daughter and sole heir of Clara Belle Forbus and stepdaughter of appellant. On August 22, 1945, the Pulaski Probate Court ordered the sanity of appellant restored pursuant to a petition filed by him in his own right and by appellee as his next friend. Appellee, as personal representative of her mother, also filed a final report and accounting in the guardianship proceedings in the Jefferson Probate Court on September 7, 1945. The report was duly confirmed and the guardian's bondsmen discharged.

The last of the notes given in payment of the purchase price of the property was paid in July, 1941. However, the lots forfeited for nonpayment of assessments due Paving District No. 77 of Pine Bluff and two separate deeds were executed by the district to Clara Belle Forbus, individually. The first deed was executed on October 10, 1940, and recites payment by the grantee of $76.50 in delinquent taxes on lot 6. The second deed was executed September 18, 1944, in payment of delinquent taxes on lot 5 in the sum of $257.95.

Appellant instituted this suit against appellee on December 9, 1947, alleging that funds of his estate were used in payment of the consideration recited in the deeds from the paving district; that said deeds should be construed as redemption deeds and reformed so as to show

that the redemptions were in fact made by Clara Belle Forbus, as guardian, rather than individually.

In her answer appellee alleged that Clara Belle Forbus, during her lifetime, paid the greater portion of the purchase price from her own funds derived from the operation of said property as a boarding and rooming house; that Clara Belle Forbus also used her own funds in redeeming the property from the paving district; that the property should be impressed with a lien for repayment of the amounts paid for said deeds from the paving district and that appellee's proper interest in the property by reason of her mother's payments on the purchase price should be confirmed.

Appellant filed a pleading containing a general denial of the allegations of the answer and further alleged that appellee's action was barred by the three-year statute of limitations. A demurrer and a motion to require appellee to make her answer more definite and certain were apparently never acted upon by the chancellor.

After a trial the court, among other things, found: "That Clara Belle Forbus operated a rooming and boarding house and operated a laundry, and that funds belonging to her in the sum of $859.45 were used to pay taxes, installments on the purchase price, and for improvements made to said property, and that the plaintiff should pay to the defendant, as administratrix, the sum of $859.45, and upon said payment being made to the defendant, all right, title, claim, interest and equity of the said Thelma Gibbs, individually and as administratrix, in and to the above described property, should be divested out of her and vested absolutely in the plaintiff, Charles H. Forbus, and title quieted and confirmed in him." Judgment was accordingly rendered in favor of appellee as administratrix in said sum of $859.45 and the property ordered sold in satisfaction thereof. Both parties have appealed.

On the direct appeal appellant earnestly contends that the court erred in finding that appellee was entitled to judgment in any sum, while appellee contends that she

is entitled to a definite undivided interest in the property on account of the payment of purchase money. Appellee concedes that the testimony as to contributions in the form of improvements and purchase money is too uncertain and fragmentary to establish the payment of a definite amount by mother, but insists that the case should be remanded to the chancery court to determine such amount and appellee's interest in the property fixed accordingly.

The evidence discloses that appellant was employed at various jobs from time to time during the pendency of the guardianship and that Clara Belle Forbus also contributed to the running of the household at times by keeping boarders and roomers on the property which was purchased as a home for both. The only receipts reported by Clara Belle Forbus, as guardian, were the monthly payments to appellant by the Government, but the guardian's accountings reflect that at least three-fourths of the purchase price of the property and a large portion of the taxes and insurance were paid out of the guardianship funds. The considerations for the tax deeds from the paving district to Clara Belle Forbus, individually, were not paid out of guardianship funds. While the evidence is conflicting as to whether appellant or his wife and appellee made these payments, we think the preponderance of the evidence supports the conclusion that they were made by Mrs. Forbus and appellee out of their separate funds.

It is observed that the trial court rendered judgment for appellee in the sum of $859.45 for taxes, purchase money and improvements without designating the amount allowed for each. The evidence is insufficient to show payments by Clara Belle Forbus individually of any definite amounts on the purchase price or for improvements to the property. In fact, appellee made no claim for improvements in her answer and the trial court sustained objections to some of the proof on this issue. It is true that appellee testified that her mother paid $600 on the purchase price of the property before arrangements were made to use appellant's compensation from the

Veterans Administration. This testimony is refuted by the guardianship accountings filed by Clara Belle Forbus which clearly show that the first $1,000 represented in notes was paid from appellant's compensation from the Government, and there was no cash payment made when the property was purchased. Since we conclude that the evidence is insufficient to warrant a finding in appellee's favor for payments of purchase money and improvements, we find it unnecessary to discuss the other questions raised on those issues.

Appellant also contends that appellee's right to an equitable lien for taxes under the deeds to Clara Belle Forbus from the paving district is barred by the three-year statute of limitations (Ark. Stats., 1947, § 37-206). We are cited to *Person* v. *Cogbill,* 180 Ark. 664, 22 S. W. 2d 161, and cases of similar import which involve claims for tax liens by parties out of possession of the property. In the case at bar the property was in the joint possession of appellant and Clara Belle Forbus. The sale was prompted by the desire of the seller to provide a home for his sister who, aside from her duties as guardian, had her own equitable interest to protect. The guardianship reports reflect that funds from that source were unavailable for the discharge of the delinquent paving taxes and deeds were issued to Clara Belle Forbus individually upon payments made by Mrs. Forbus and appellee. This is a suit by appellant to reform the deeds to Clara Belle Forbus who occupied the property jointly with appellant until her death in 1945. We have held that a statute limiting the time for bringing an action against the purchaser to recover land sold at a judicial sale is inapplicable against a person in possession of the property in dispute. *Plant* v. *Prouse,* 208 Ark. 486, 187 S. W. 2d 5. See, also, *Plant* v. *Johnson,* 208 Ark. 217, 185 S. W. 2d 711.

Moreover, there is evidence to the effect that appellee's delay in making claim for refund of the consideration paid for the paving district deeds was occasioned by appellant's representation that he wanted appellee to have the property and would will it to her. In *Metro-*

*politan Life Ins. Co.* v. *Williams,* 197 Ark. 883, 125 S. W. 2d 441, the court said: "It is a general rule that where one has deceived another or where, through active wrong or negligence, he misleads another and causes him not to file suit, the statute is tolled or suspended until it is discovered that the representations were false. If a defendant intentionally or negligently misleads plaintiff by his representations and causes him to delay until the statutory bar has fallen, the defendant will be estopped from pleading the statute of limitations. *Missouri Pacific Rd. Co.* v. *Davis,* 186 Ark. 401, 53 S. W. 2d 851; *Wright* v. *Lake,* 178 Ark. 1184, 13 S. W. 2d 826."

While Clara Belle Forbus, as guardian of her husband, could not adversely acquire title to the property of her ward through purchase of the property from the improvement district, it does not follow that she was also precluded from claiming a refund of tax payments made from her own funds in order to protect the interests of both. We, therefore, conclude that appellee is entitled to recover the consideration paid for the tax deeds from the paving district. The decree is accordingly modified on direct appeal and the judgment reduced to $334.45, the amount paid for the tax deeds. In all other respects the decree is affirmed.